## STATE v. JAMES W. BUCK,

B was indicted for failing to list his poll for taxation. The bill of indictment was found by the Grand Jury subsequent to the ratification of the act of the 18th of March, 1875, (chap. 200, Public Laws 1874'–'75,) upon a motion to quash the bill of indictment, on the ground that the Superior Court had no jurisdiction of the offence: *It was held,* that under the peculiar circumstances of the case the indictment must be quashed.

This was an INDICTMENT for failure to list the poll for taxation, tried before *Watts, J.,* and a jury at Spring Term, 1875, of WAKE Superior Court.

The defendant moved the Court to quash the bill, on the ground that the Superior Court had no jurisdiction of the offence since the passage of Chapter 200, public laws of 1874–'75. The motion was overruled and the defendant excepted.

The defendant was required to answer over, and having

pleaded not guilty, the case was tried and the jury rendered a verdict of guilty. Thereupon the Court gave judgment against the defendant, from which judgment an appeal was prayed and granted.

*Fowle* and *Battle & Son*, for the defendant.
*Attorney General Hargrove* and *Haywood*, for the State.

READE, J.   It is manifest that when the Legislature made the failure to list taxables a misdemeanor, it was intended to make the offence cognizable before a Justice of the Peace; but, by reason that the punishment was limited to " thirty days," which might be more than " a month," we were obliged to hold that a Justice of the Peace could not take jurisdiction ; but that the Superior Court had jurisdiction.   The cost and inconvenience of this was soon seen to be a cruel hardship, and fell upon many thousands of very poor persons.   To remedy which the Act 18th March, 1875, ch. 200, was passed; the title of which is, " An Act to divest the jurisdiction of the Superior Courts over misdemeanors in failing to list polls and property, and for other purposes."

It is plain that the purpose of this Act was to change the jurisdiction from the Superior Courts to Justices of the Peace. And the Act proceeds to amend the former Acts by substituting, " one month," for " thirty days."   This Act was passed in March, 1875 ; and in the next month, April, this indictment was found in the Superior Court.   This was in violation of the purpose of the Act ; and, therefore, we ought not to sustain the indictment unless we are forced by inflexible rules to do so.   Respect for the Legislature, and regard for the rights of the citizen, induce us to direct the indictment to be quashed, if we can.

The Constitution Art. 4, sec. 33, gives to Justices of the Peace exclusive original jurisdiction " where the punishment cannot exceed a fine of fifty dollars or imprisonment for one month."   But this is to be " under such regulations as the

General Assembly shall prescribe." The General Assembly has prescribed regulations :

(1.) That the complaint must not be by collusion, and must be by the party injured.

(2.) It must be made within six months, and in writing, and under oath.

It has frequently been discussed, whether, when the Legislature fixes the punishment for any given offence within the limits of a fifty dollar fine or one month imprisonment, it thereby becomes cognizable before a Justice *to the exclusion* of the Superior Court? And we have held that it did not. If the punishment *is* so limited, and all the regulations are observed, and the Justice takes jurisdiction, then, doubtless, it is "exclusive." But though the punishment be limited, yet if any of the regulations are neglected, or if the regulations do not cover the case; then the jurisdiction of the Superior Court, which is general, remains in order that offences may not go unpunished. But here, we have an offence, the punishment of which is fixed within the Constitutional limits for a Justice of the Peace to inflict, and for the declared purpose of divesting the jurisdiction of the Superior Courts. Why then should the Superior Court take jurisdiction? It is true that the "regulations" for giving the Justice of the Peace jurisdiction had not been observed ; but then it cannot be said that proper regulations were wanting, or that they had been neglected. The Act was ratified 18th March, and the indictment found 5th April. This was indecent haste, to say the least, to assume jurisdiction which had been expressly "divested."

It is however insisted for the State, that admitting that the act does "divest" the jurisdiction of the Superior Court and invests the Justice of the Peace with jurisdiction, yet that is *prospective*, and cannot affect the offence charged, which was committed before the passage of the Act; that at the time this offence was committed the punishment was $50 fine or thirty days imprisonment, and that thirty days were more than "a

month," (February.) and therefore, as decided in *State* v. *Up church*, a Justice had not jurisdiction. And so it is insisted that, notwithstanding the Act, a Justice has no jurisdiction of *this* offence, for the Act, by amending the former Acts by substituting " a month " for " thirty days " *increased* the punishment, which is *ex post facto*, " one month," January, for instance, being more than " thirty days." So that this case stands to be punished under the act in force at the time it was committed. But that cannot be, because amending that act operated as a repeal, at least as to the particular matter amended, and so the defendant cannot be punished with imprisonment under the old act at all, as is settled in *State* v. *Nutt*, Phil. R,, and *State* v. *Cross*, 4 Jones, 421. This is mentioned only to show that the defendant cannot be imprisoned under the old act, and not to show that he can be imprisoned under the new. It would seem that he cannot be imprisoned under either ; not under the old, because it has been repealed ; not under the new, because it increases the punishment. Dwavis on Statutes. So that the only punishment that can be inflicted is a fine of $50, and as that is the same in the new and the old acts, and within the jurisdiction of a Justice, there is no reason why he may not have jurisdiction.

The third section of the act provides *amnesty* for all persons charged of like offences against whom indictments were " pending ;" but this indictment was not pending at that time, and therefore the defendant is not embraced. In another case against this defendant at this term, we have treated that matter more at large.

We do not say that if for any reason a Justice of the Peace does not take cognizance of the case, that the Superior Court may not, for offences ought not to go unpunished, but under the peculiar circumstances of the case as now before us, we think the indictment ought to be quashed.

This will be certified.

PER CURIAM.                                            Judgment accordingly.