*GIDEON PERRY and others v. AUGUSTUS SHEPHERD and others.

*Jurisdiction--Prohibition--Forcible En'ry and Detainer.*

1. The Superior Courts have no power to issue a writ of prohibition. The Supreme Court has the sole jurisdiction to issue such writ.

2. A Justice of the Peace has no jurisdiction of an action of forcible entry and detainer.

(*State* v. *Allen*, 2 Ire. 183; *Perry* v. *Tupper*, 70 N. C. 538; *State* v. *Yarborough*, 72 N. C. 250; *A. T. & O. R. R. Co.* v. *Sharpe*, Ibid. 509, cited and approved.)

(RODMAN, J. *Dissenting.*)

APPLICATION for a Writ of Prohibition heard at Chambers in Raleigh on the 28th of January, 1878, before *Cox, J.*

The plaintiffs alleged that the defendants had instituted

---

*Smith, C. J. having been of counsel, did not sit on the hearing of this case.

an action of Forcible Entry and Detainer before a Justice of the Peace against them, and were prosecuting the same in the Justice's Court without authority of law, and demanded that said Justice be restrained and prohibited from proceeding further in said action, and that the same be transmitted to the Superior Court of Wake County.

The defendants demurred and assigned as cause; 1st. That plaintiffs could obtain complete and adequate redress for the alleged wrongs complained of in their complaint, by a writ of *recordari* from the Superior Court, and without resorting to the extraordinary prerogative writ of prohibition ; 2d.—That the complaint shows that the Justice of the Peace has jurisdiction to take cognizance of, hear and determine proceedings for forcible entry and detainer.

His Honor adjudged that the demurrer be overruled, and the writ of prohibition issue as prayed for in the complaint. From which judgment the defendants appealed. (See *Perry v. Tupper*, 74—722; *S. C.* 71—380, 5 ; *S. C.* 70—538.)

*Messrs. D. G. Fowle, Busbee & Busbee, A. M. Lewis* and *G. H. Snow,* for plaintiffs.

*Messrs. E. G. Haywood* and *A. W. Tourgee,* for defendants.

READE, J.   Our reports furnish but one instance of the use of the writ of prohibition in the State, which must be owing to the fact that we have other remedies more appropriate and equally efficacious.   It cannot be said that a *new* case has arisen calling for this unusual remedy, because *forcible entry and detainer* as this was, which is sought to be prohibited, has been common in our Courts.   The case alluded to in which it was resorted to, is *State* v. *Allen,* 2 Ire. 183, in which it was sought to prohibit the *de facto* Commissioners for laying off the seat of justice of Henderson County from acting.   It was held that it would not lie in

*that case,* and the Court did not say that it would lie in any case, but did say that if any Court had the power, it ought to be exercised with caution, and never used except in a very clear case calling for an immediate remedy.

And the same rule obtains in England where it is a common law writ, framed to give the King's Bench jurisdiction to restrain all the inferior Courts of the realm within their proper jurisdiction. And it was subsequently extended to the other Courts at Westminster. "The Supreme Courts of Westminster having a superintendency of all inferior Courts, may in all cases of innovation, &c., award a prohibition. In this, the power of the Court of King's Bench has never been doubted, being the Superior Common Law Court in the Kingdom." Bacon's Ab. Title, *Prohibition*, A.

. It will be observed that no inferior Court in England had power to issue the writ. It was a high prerogative writ, and in the case of the Company of Horners in London, it is said that it is the *proper* power and honor of the Court of King's Bench to limit the jurisdiction of all other Courts. Bacon's Ab. Title, *Prohibition*, A, note (a) 2 Roll. R. 471. If then it be used in this State at all, what Court ought to issue it? It would seem upon principle and by analogy, that it ought to be the Supreme Court, and not an inferior Court.

If there was any doubt before the adoption of our present Constitution, it would seem to be plain now. The jurisdiction of the Superior Court is defined in the Constitution and in the statutes. It is a Court of original jurisdiction, to hear and determine cases indicated, and to try appeals from inferior Courts. But there is no power express or implied to supervise and control inferior Courts. But that power is expressly given to the Supreme Court.

"The Supreme Court shall have * * * power to issue any remedial writs necessary to give it a general supervision and control of the inferior Courts." Art. IV § 10.

We are of the opinion that the Superior Court had no power to issue the writ of prohibition in this case.

It would not be necessary for us to go further, but it was desired by both sides that we should decide the other question, upon which indeed was the burden of the argument, whether a Justice of the Peace has jurisdiction of forcible entry and detainer ?

It was properly conceded for the defendants, that we must hold that a Justice of the Peace has not such jurisdiction, unless we overrule, as we were asked to do, three or four cases lately decided in this Court. We have reconsidered those cases in the light of the really learned arguments on both sides, and we feel obliged to adhere to them. It is a matter of practice involving not the right, but the remedy. It was much considered at the time of those decisions, and conceding that it was not free from doubt, and conceding also that in some respects it would be a convenient remedy, yet in other respects it would be mischievous, and so the better opinion was, that the jurisdiction did not exist.

Suppose the question were still doubtful upon principle and upon authority other than those of our own, what ought we to do? Overrule them? If so what security would there be that we may not revert to them at some subsequent term, and wreck all who may set sail under the last decision. A matter of right or of principle is eternal, and if by inadvertence we depart from it, we must return at the earliest opportunity ; but as to the remedy or a matter of practice, although one way may be a little better than the other, yet the *most* important matter is to make the way *certain.*

It is from no want of appreciation of the argument with which we were favored, that we do not enter into the discussion anew. *It is decided.* Let it stand until the Legislature may alter it. The Act of 1874–'75 has not that effect.

It only makes the plea of title a more solemn act, by requiring an oath. *Perry* v. *Tupper*, 70 N. C. 538; *State* v. *Yarborough*, 70 N. C. 250; *A. T. & O. R. R.* v. *Sharpe*, Ibid 509.

There is error. There will be judgment here that the proceedings for the writ of prohibition be dismissed, and that the defendants recover costs.

Error.

PER CURIAM.                    Proceedings dismissed.