## No. 11,071.

THE STATE EX REL. MORERE ET AL. VS. JUDGE OF SECOND RECORDER'S COURT.

## No. 11,072.

THE STATE EX REL. JEAN MURAT ET AL. VS. JUDGE OF FIRST RECORDER'S COURT.

1. Recorders in New Orleans are vested with power and jurisdiction to try and sentence violators of legal and valid city ordinances.

2. The defence that a city ordinance is illegal and unconstitutional does not impugn the power and jurisdiction of the recorder to hear and determine that and all other issues involved in the case. Art. 81 of the Constitution clearly recognizes the authority of the proper inferior tribunal to hear and determine cases in which "the constitutionality or legality of any fine, forfeiture or penalty by a municipal corporation shall be in contestation," and to decide all questions of " the law and the fact" arising therein, and provides an appropriate and sufficient remedy for errors in such decision by an appeal to this court.

3. In such cases the overruling of pleas arraigning the constitutionality and legality of the [ordinance proceeded under affords no ground for invoking our supervisory jurisdiction through the writ of prohibition. The proceeding must complete its course, and errors committed in that or any other respect must be corrected by the constitutional remedy of appeal.

State ex rel Morere et al vs. Judge.

APPLICATION for Prohibition.

*P. L. Fourchy* and *Albert Voorhies* for the Relators.

*Louque & McGloin* for the Respondents.

The opinion of the court was delivered by

FENNER, J.    These cases, though not consolidated, were submitted together and, involving identical issues, may be decided together.

Relators were prosecuted before the respondent Recorder's Court for violation of City Ordinance No. 6596, C. S., which provides certain regulations touching the sale of milk in this city and certain penalties for the violation thereof.

They appeared and filed a demurrer containing no less than seven distinct grounds.    We have examined these very critically and find in them no other matter than the assertion of various grounds on which they claim that the ordinance is illegal and unconstitutional. They present no exception to the jurisdiction of the court *eo nomine* and no denial of the power of the court to hear and determine the cause, except such as is implied in the denial of the legality and constitutionality of the ordinance.

If the ordinance be legal and constitutional, the jurisdiction and power of the recorder, to hear and determine the cases, pass out of controversy, because Sec. 49 of the City Charter, Act 20 of 1882, expressly confers on recorders the power " to enforce all city ordinances and to try, sentence and punish all persons who violate any valid and legal city ordinance," and this provision has received constant judicial sanction.

The objections to the legality and constitutionality of the ordinance were a perfectly proper defense; but they were nothing more than a defense, and the power of the recorder to determine it and, after overruling it, to proceed with the cause, does not admit of question.    It is implied in the provision of Art. 81 of the Constitution itself, which extends the appellate jurisdiction of this court to " all cases in which the constitutionality or legality of any fine, forfeiture or penalty by a municipal corporation shall be in contestation," and declares that "in such cases the appeal on the law and

the fact shall be directly from the court in which the case originated to the Supreme Court." No language could more clealy recognize the power and authority of the proper inferior tribunal to hear and fully determine causes involving such "contestation" and to decide all questions of "law and fact" arising therein.

Errors of decision in such cases find their appropriate and sufficient remedy in the right of appeal to this court, which is thus expressly guaranteed.

Relators gravely misapprehend the function of the writ of prohibition, and the rules adopted by this court in the exercise of its supervisory jurisdiction, when they invoke it in such a case.

If the case were unappealable and the writ of certiorari had been joined with that of prohibition, different principles might apply. State ex rel. Walker vs. Judge, 39 An. 134; State ex rel. Debuys vs. Judge, 32 An. 1258.

But to authorize such relief in a case like the instant one would be practically to supplant the remedy by appeal in every case, civil or criminal, in which the defendant chose to plead the unconstitutionality of the law on which the plaintiff's claim was based.

The case is not altered by the fact that one of the grounds on which the illegality of the city ordinance is charged is that it is *ultra vires* because conflicting with certain State statutes *in pari materia* which prescribe penalties for similar acts, of which the State courts have exclusive jurisdiction. Relators are charged exclusively with violating the city ordinance, and, whatever the character of the particular acts charged, if it be judicially determined that the ordinance is illegal and unconstitutional, this prosecution will surely be dismissed. If they were being actually prosecuted in the State court for the same offense, perhaps there might be some propriety in invoking our supervisory powers to stay the proceedings in one court or the other until decision of the question thus put at issue. But no such double prosecution exists; no conflict of jurisdiction has arisen; and no reason appears why these causes should not proceed, in ordinary course, to a final determination which will settle all questions affecting the alleged conflict.

It is, therefore, ordered and decreed that the provisional writs herein issued be annulled and set aside, and that the applications of relators be denied.

Rehearing refused.