(Discussion by Associate Justice CLARK of the nature, purposes and effect of the writ of prohibition and the practice in relation thereto.)
The writ of prohibition existed at common law, and is also authorized by the constitutional provision (Art. IV, sec. 8), which gives the Supreme Court "power to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts." In this State this writ can issue only from the Supreme Court. Perry v.Shepherd, 78 N.C. 83.
The writ of prohibition is the converse of mandamus. It prohibits action, while mandamus compels action. It differs from an *Page 504 
(820) injunction, which enjoins a party to the action from doing the forbidden act, while prohibition is an extraordinary judicial writ, issuing to a court from another court having supervision and control of its proceedings, to prevent it from proceeding further in a matter pending before such lower court. It is an original remedial writ, and is the remedy afforded by the common law against the encroachment of jurisdiction by inferior courts, and to keep them within the limits prescribed by law. 19 A. E., 263, 264; High Extraordinary Rem., sec. 762.
It is settled that this writ does not lie for grievances which may be redressed in the ordinary course of judicial proceedings by appeal or byrecordari or certiorari in lieu of an appeal. Nor is it a writ of right, granted ex debito justitiae, like habeas corpus, but it is to be granted or withheld according to the circumstances of each particular case. Being a prerogative writ, it is to be used, like all such, with great caution and forbearance, to prevent usurpation and secure regularity in judicial proceedings where none of the ordinary remedies provided by law will give the desired relief, and damage and wrong will ensue, pending their application. High on Extraordinary Remedies, secs. 765, 770.
In the present case the mayor's court has jurisdiction of the persons of the defendants and of the subject-matter, which is the alleged violation of a town ordinance. If the ordinance in question is invalid, that matter can be determined on appeal to the Superior Court, and by a further appeal (if desired) thence to this Court. This has been often done. There is no palpable usurpation of jurisdiction or abuse of its authority, nor likelihood of injury to defendants, which calls for the extraordinary process of this Court by prohibition to stop the action of the lower court. It is more orderly to proceed in the regular way to have an alleged error of this kind corrected on appeal. The writ might properly issue where the court below has no jurisdiction of the (821) subject-matter, as, for instance, if a justice of the peace should attempt to try a defendant for larceny, or decree foreclosure of a mortgage; but even in that case it would rest in the discretion of the Supreme Court whether the matter should be left to correction by appeal or by treating such judgment as a nullity. As to the denial of a jury trial by the mayor, it is pointed out by Smith, C. J., in S. v. Powell 97 N.C. 417, that under the present Constitution (Art. I, sec. 13) the Legislature is authorized to vest the trial of petty misdemeanors in inferior courts, without a jury, if the right of appeal is preserved. It was otherwise under the former Constitution, under which S. v. Moss, 47 N.C. 66, was decided. The guaranty of a trial by jury in the Sixth and Seventh Amendments to the Constitution of the United States applies only to the Federal courts, and is not a restriction on the States, *Page 505 
which may provide for the trial of criminal and civil cases in their own courts, with or without jury, as authorized by the State Constitution. Cooley Cons. Lim. (6 Ed.), 30; Walker v. Sauvinet, 92 U.S. 90; Munn v.Illinois, 94 U.S. 113.
There are instances, though infrequent, when this writ has been invoked. It has been granted where, after a conviction for felony, the court has at a subsequent term granted a new trial upon the merits, without any legal authority for so doing. Quimbo Appo v. The People,20 N. Y., 531. It is also the appropriate remedy pending an appeal from an inferior to a Superior Court, to prevent the former from exceeding its jurisdiction by attempting to execute the judgment appealed from, or to prevent a Circuit Court exceeding its powers by issuing an unauthorized writ of error and supersedeas to a county court and interfering improperly with the jurisdiction of the latter. Supervisors v.Gorrell, 20 Grat., 484. Also, to prevent an inferior court's interfering with or attempting to control the records and seal of the (822) Superior Court by injunction. Thomas v. Meade, 36 Mo., 232. It lies to prevent a probate court exercising jurisdiction over the estate of a deceased person when it cannot lawfully do so. U.S. v. Shanks,15 Minn. 369. Or, where justices of the peace are proceeding without authority of law to abate a supposed nuisance, prohibition lies to stay their action. Zylstra v. Charleston, 1 Bay, 382. These are cited as illustrations, but in each case it is in the discretion of the Supreme Court whether the writ shall be granted.
Prohibition does not issue to restrain ministerial acts, but only to restrain judicial action, where the latter would be a usurpation and cannot be adequately remedied by an appeal. 19 A. E., 268, 269. It issues to and acts upon courts as an injunction acts upon parties, and, like an injunction, it does not lie where adequate remedy can be had by the ordinary process of the courts. When entertained, the usual course, unless prior notice of the petition has been given, is to issue a notice to the lower court to show cause why the writ should not issue, and to order a stay of proceedings in the meantime. 19 A. E., 280, 281.
In the present case, if the defendants are convicted upon an invalid ordinance, there is ample remedy by appeal. The Constitution does not guarantee a jury trial in such case, since the defendants have the right of appeal. If there is aught in the charter of the city which grants the defendants a trial by jury, if demanded, the error in the refusal could be corrected by a jury trial in the Superior Court. There is no emergency which requires the court to issue the writ prayed for.
Petition denied.
Cited: R. R. v. Newton, 133 N.C. 138. *Page 506 
(823)