HOLLY SHELTER RAILROAD CO. v. NEWTON.

(Filed September 29, 1903.)

PROHIBITION—*Eminent Domain—Writs—The Code, secs. 116, 256, 1945, 1946.*

A writ of prohibition is not a writ of right, but its issuance is a matter of discretion, and will not be granted to prevent the clerk of the superior court from hearing an application for the condemnation of a right of way for a railroad.

This was an application to the Supreme Court by the defendant for a WRIT of PROHIBITION.

*Rountree & Carr* and *J. D. Bellamy,* for the petitioners. *Iredell Meares,* in opposition.

CLARK, C. J. This is an application by the defendants for a writ of prohibition upon the following state of facts: The plaintiff, on the face of the papers, a duly incorporated railroad company, on 7th July, 1903, filed a petition before the Clerk of the Superior Court of Pender County for condemnation of a right of way over the defendants' land. On the 22d July, 1903, the defendants appeared before the Clerk and objecting specially to the sufficiency of service of summons upon one of the defendants, filed an answer raising, as they claim, issues of fact, and asked that the cause be transferred to the Superior Court at term. This being refused, the defendants appealed to the Judge, who, on 12th September, 1903, allowed the plaintiff to amend by filing an amended profile (*Faison v. Williams,* 121 N. C., 152), and remanded the cause to the Clerk with directions to proceed and hear the cause, giving ten days' notice to each party. From this order of the Judge the defendants appealed. The Clerk being correctly of opinion that this order of the Judge was interlocutory and that no appeal lay, proceeded to execute the order of the Court by giving due notice that on 24th September he would proceed with the hearing. The defendants ask for a writ of prohibition to the Clerk, alleging that irreparable damages will accrue if the Clerk proceeds with the hearing and shall appoint commissioners to assess damages.

The writ of prohibition can issue only from this Court, and is authorized by Article IV, section 8 of the Constitution. It only issues in cases where it is necessary to restrain the action of the lower Courts, proceeding outside of their powers, and even then it is not a writ of right, but its issuance is a matter of discretion, and it "issues only in cases of extreme necessity." 23 Am. and Eng. Enc. (2 Ed.), 212; High on Extraordinary Remedies, secs. 763 and 765. It will not issue when there is any sufficient remedy by ordinary methods, as appeal, injunction, etc., or when no irreparable damage

will be done. *State v. Allen,* 24 N. C., 183; *Perry v. Shepherd,* 78 N. C., 83; *State v. Whitaker,* 114 N. C., 818. These seem to be the only cases in which application for this extraordinary remedy has been made in this State, and in all of them it was refused. In *State v. Allen, supra, Gaston, J.,* says the writ should not issue except in a very clear case, peremptorily calling for an immediate remedy, and then only after notice to the opposite side and upon affidavits. In *State v. Whitaker, supra,* it was said that if the emergency was so great and immediate that notice could not be given, a notice to show cause would issue with a stay of proceedings.

In the present case no appeal lay from the order of the Judge remanding the case to the Clerk to proceed, and the attempted appeal, if perfected, would be dismissed here, being taken without authority of law. Of course this Court could not issue its prohibition to the Clerk against executing the order of the Judge when there has been no appeal authorized by law. While the general rule is, as set out in The Code, sections 116 and 256, that upon issues of fact or law arising before the Clerk the cause is transferred at once to the Court at term, in this matter of condemnation of right of way for railroads, for reasons of public policy and to prevent delays by appeals from interlocutory judgments which would seriously interfere with the construction of railroads, it is specially provided otherwise. *Railroad v. Warren,* 92 N. C., 622.

The Code, sec. 1945, provides that the Clerk shall hear and decide the application for condemnation and appoint commissioners, and section 1946 provides that upon the coming in of the report, exceptions may be filed *"and upon the determination of the same* by the Court, either party may appeal to the Court at term, and thence, after judgment, to the Supreme Court." This last section provides further that upon the payment into Court of the sum appraised as dam-

ages, the company may enter upon the right of way, "notwithstanding the appeal," and that if on appeal the Court refuses to firm the condemnation of the land, the company shall surrender the land, with power in the Court to issue a writ of restitution, and that it shall adjudge what portion of the fund paid into Court in such case shall be returned to the company, the object evidently being to vest in the Court the power to adjudge payment to the land owner of the damages sustained by him from the entry. As entry is only authorized after the report of the commissioners is confirmed by the Clerk and payment into Court of the sum assessed, there could be no great amount of damages, if any, in excess of the sum adjudged by the commissioners and the Clerk as the full value of the land, in the brief period pending an appeal to the Judge. If, in an extraordinary case, it should appear that there is danger of damage to the land owner in excess of the sum assessed and paid in, it may be that the Judge, in the exercise of his sound discretion, can order the company to file a bond to cover such possible excess, and upon failure of the company to comply with such order, restrain it from proceeding to enter; but it should be a very clear case to authorize the Judge to require more than the statute. Certainly there can be no call for this Court to interfere with the regular proceedings of the Court below by prohibiting the Clerk from appointing commissioners. The defendants have complained before they are hurt.

That no appeal lay at this stage, *i. e.,* from the Judge remanding the cause to the Clerk, has been repeatedly adjudged. *Telegraph Co. v. Railroad,* 83 N. C., 420 (where the subject is fully discussed by *Smith, C. J.*); *Railroad v. Railroad, Ibid.,* 499; *Commissioners v. Cook,* 86 N. C., bottom of p., 19; *Railroad v. Warrne,* 92 N. C., 622 (where it is said that the object of the statute is to expedite the construction of works of internal improvement by allowing them to

proceed upon payment into Court of assessed damages without interruption by appeals, which in such cases lay only from the final judgment); *Hendricks v. Railroad,* 98 N. C., 431, which says: "They settle the course of practice in such proceedings and sufficiently state the reason for it."

But even if an appeal lay and the Clerk had been proceeding unadvisedly, it does not follow that the Court would intervene by this extraordinary writ. High on Extraordinary Remedies, secs. 767, 770, 771; 23 Am. and Eng. Enc. (2 Ed.), 207-211.

Prohibition on very similar facts to these was refused. *Parker v. Snohomish,* 25 Wash., 544; *State v. Court,* 7 Wash., 74.

Petition denied.