State ex rel. v. Shannon.

STATE ex rel. HAINSWORTH, Appellant, v. SHAN-
NON, etc., Respondent.

**St. Louis Court of Appeals, March 17, 1908.**

1. **PROHIBITION: Right of Appeal: Void Ordinance.** A writ
of prohibition will not be granted to prevent a proceeding where
the same relief can be granted on appeal or writ of error. Un-
der section 5937, Revised Statutes 1899, an appeal will lie from
a judgment of a police judge in a city of the fourth class con-
victing a person of the violation of a void ordinance of such
city and therefore prohibition will not lie to prevent the pros-
ecution of such person.

2. ————: ————: **Multiplicity of Suits: Void Ordinance.**
Where a writ of prohibition was sought to prevent the prose-
cution of the relator for violation of an ordinance of a city
of the fourth class, claimed to be void, the fact that in his sug-
gestions, filed for the preliminary rule, he stated he would be
subjected to successive prosecutions, did not warrant a granting
of the absolute writ where that allegation was denied and no
proof offered in its support.

3. ————: **Cities of the Fourth Class: Regulating Nuisances:**
**Void Ordinance.** A city of the fourth class under sections 5958
and 5964, Revised Statutes 1899, is given power to control the
erection and construction of chimneys; an ordinance of such city
declaring a smokestack less than fifty feet high to be a nuisance
and providing a penalty for its erection, is not so palpably
invalid that the prosecution of one for its violation, in the police
court of such city, will be prohibited, though whether such ordi-
nance is valid or not is not determined.

Appeal from Newton Circuit Court.—*Hon. Henry C.*
*Pepper,* Judge.

AFFIRMED.

*Clay & Sheppard* for appellant.

*J. H. Pratt* for respondent.

GOODE, J.—Appeal from a judgment of the circuit court of Newton county refusing to make absolute a preliminary rule prohibiting the respondent, as police judge of the city of Neosho, from entertaining a prosecution against relator for a violation of an ordinance of said city. The temporary rule to show cause why an absolute writ of prohibition should not issue, was granted September 1, 1904. In the suggestions for the rule relator set forth that he was arrested on August 29, 1904, before the respondent as police judge, for violation of an ordinance of the city of Neosho approved December 4, 1902. It was further suggested that the petitioner or relator had given bond for his appearance before respondent on September 5, 1904, to answer the complaint against him. Copies of the complaint, the warrant issued thereon and the marshal's return of the warrant are in the suggestions. It is stated the ordinance relator is charged with violating is void because it exceeds the power of the city of Neosho in declaring something to be a nuisance which was not a nuisance in fact, does not fix the liability of citizens of the town by intelligible rules, makes no provision for the determination of questions of fact in a given case, and is unreasonable and arbitrary; wherefore it was suggested respondent was acting in excess of his jurisdiction as police judge in entertaining the prosecution, and a writ was asked to prohibit him from proceeding further in the matter. The ordinance under which relator was arrested is entitled "An ordinance prohibiting smokestacks less than fifty feet high and making it a nuisance for the same to exist and providing a penalty." In the first section of the ordinance it is declared unlawful for any person or corporation to allow a smokestack for the purpose of conveying smoke, to remain in use, or to put up one for that purpose, which is not fifty feet high, "so as to carry the smoke high in the air." The next section provides that any one violating the ordi-

nance shall be deemed guilty of a misdemeanor and fined not less than one dollar or more than fifteen dollars, and that "the nuisance—the existence of the smokestack—shall be made to conform" to the ordinance or be treated by the marshal as any other nuisance. The answer to the preliminary rule states respondent returned the facts under which he had caused the arrest of relator. The return sets out the original complaint preferred against the relator, charging him with unlawfully and wilfully erecting and permitting a smokestack for the purpose of conveying smoke, to remain in use which was less than fifty feet high "so as to carry the smoke high in the air;" sets out the warrant issued on the filing of this complaint and the marshal's return, and copies in full the ordinance of the city under which the complaint was made. The return of the respondent then states that in obedience to his sworn duty as police judge of the city of Neosho, he has issued a warrant for the arrest of respondent, on a complaint being filed charging him with violating the ordinance in question and avers said ordinance was in full force. From this statement of facts it will be seen that respondent justifies under the city ordinance, and the relator asks relief against the prosecution on the ground that said ordinance is invalid. As police judge of the city respondent has jurisdiction of cases of misdemeanor arising from violations of the ordinances of the municipality, and this proposition is not gainsaid. But counsel for relator contends jurisdiction does not exist in the prosecution sought to be prohibited, because, as the ordinance is void, no offense can be committed by not obeying it, and hence there is no case of which respondent can take jurisdiction as police judge. Our opinion is that this is not a proper case for prohibition. It is true that in exceptional instances the writ will issue to prevent a court from proceeding with a cause of action, criminal or civil, arising under an

unconstitutional statute or a void city ordinance. In State ex rel. v. Eby, 170 Mo. 497, 71 S. W. 520, the Supreme Court prohibited a circuit court from proceeding with a cause founded on an unconstitutional statute. But this was done to prevent a multiplicity of suits which would have been instituted and maintained on the void statute if prohibition had not been granted; an exceptional fact. So, it seems, injunction will lie to prevent numerous prosecutions under a void municipal ordinance. [Sylvester Coal Co. v. St. Louis, 130 Mo. 323, 32 S. W. 649.] And there are authorities authorizing prohibition as well in such cases; or at least suggesting it will lie. [23 Am. & Eng. Ency. Law (2 Ed.), 230.] Those decisions given in the foot note in the work just cited, which discussed prohibition as a remedy against prosecutions under an invalid municipal ordinance, while they did not deny the occasional expediency of the remedy, refused it in the instances dealt with, because there were more appropriate remedies by appeal or writ of error for testing the validity of the ordinances. [State ex rel. v. Judge Recorder's Court, 44 La. Ann. 1100; People v. Wood, Justice of the Peace, 21 N. Y. App. Div. 245; Owensboro v. Sparks, 99 Ky. 351; State v. Whitaker, 114 N. C. 818.] The same is true in the present case. It is expressly provided by the statutes that an appeal will lie from the judgment of a mayor or police judge in cases arising under ordinances of cities of the fourth class—which Neosho is. [R. S. 1899, sec. 5937.] Hence relator had a perfect remedy by an appeal in the first instance to the circuit court and later, if need be, to this court. The rule in Missouri, as elsewhere, is that prohibition will not be granted where the same relief can be granted on appeal or writ of error. [State ex rel. v. Klein, 116 Mo. 259, 22 S. W. 693.] And again it has been said that prohibition will not be granted where the usual modes of review will furnish an adequate remedy, but only when these modes

are inadequate to the situation.   [St. Louis, Kennett &
So. R. R. v. Wear, 135 Mo. 230, 36 S. W. 357, 658.]   In
Bankers' Life Assn. v. Shelton, 84 Mo. App. 634, it was
said the mere fact that an appeal would lie from an
erroneous decision of the question of jurisdiction, would
not always bar a writ of prohibition, but should do so
unless there was something out of the ordinary to re-
quire the issuance of a writ.   In the case before us it
was sought to evade this rule by stating in the sugges-
tions filed for the preliminary rule, that relator will be
subjected to successive prosecutions before respondent.
The regular business of the courts is obstructed to an
increasing degree by applications for these extraordinary
writs, with an emergency clause, so to speak, inserted
in the applications.· Suffice to say in the present case,
that the return denies the allegations contained in the
suggestions or petition filed by relator and in so doing
denies this particular averment.   No proof was intro-
duced by the relator and judgment went against him on
a motion filed by himself for judgment on the pleadings.
Therefore issue was joined on his averment that he would
be subjected to successive prosecutions and the averment
remained unproved.   We may say, too, that conceding
more than one conviction could be obtained, it looks im-
probable, in view of the reasonable manner in which
such matters are usually treated, that the officers of the
city would insist on repeated arrests while the validity
of the ordinance was awaiting determination on an
appeal.   The cases wherein it is appropriate to grant
extraordinary relief against a prosecution under a city
ordinance, are those in which the invalidity of the ordi-
nance is palpable.   [State v. Whitaker, 114 N. C. 818.]
This is not such a case.   The city of Neosho is given
power to enact laws for the preservation of the health,
peace and good order of the community, and for the
benefit of its trade and commerce.   [R. S. 1899, sec.
5957.]   It is also given direct authority to regulate and

control the construction of buildings and chimneys (séc. 5958) and to prevent nuisances (sec. 5964). We are asked to declare the entire ordinance on the subject of smokestacks invalid on its face, as unreasonable and beyond the charter powers of the city. It might be that the ordinance is invalid in declaring smokestacks existing when it was enacted to be nuisances, and valid in prohibiting the construction thereafter of smokestacks less than fifty feet high; for the city has power to regulate the construction of buildings and chimneys. We must not be understood as intimating an opinion about the validity of the ordinance in any respect, for such is not our purpose. We are only pointing out that it is not obviously invalid. As was said in State v. Whitaker, supra, where there is no palpable usurpation of jurisdiction on the part of the police court, or likelihood of injury which calls for restraint by extraordinary process, the orderly and regular procedure is. to determine the question on appeal. We coincide with that view of the law and therefore affirm the judgment of the circuit court in refusing to make the preliminary rule absolute. All concur.