CHAPMAN v. TRINITY VALLEY & N. RY. CO.

(Court of Civil Appeals of Texas. Galveston. May 12, 1911. Rehearing Denied June 8, 1911.)

1. EMINENT DOMAIN (§ 20*)—RIGHT TO EXERCISE—RAILROADS.

A railroad corporation organized under Rev. St. 1895, arts. 4422–4475, to construct and operate a railroad, though organized primarily to haul lumber for a lumber manufacturing company controlling the railroad corporation, must perform the duties imposed on common carriers, and its road is, under Const. art. 10, § 2, a public highway, and it may condemn land for a right of way.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 59–67; Dec. Dig. § 20.*]

2. RAILROADS (§ 14*)—VALIDITY OF INCORPORATION—COLLATERAL ATTACK. .

In proceedings by a railroad corporation to condemn land for a railroad right of way, the court cannot inquire whether the corporation fraudulently procured its charter from the State Railroad Commission, though such fact might afford a proper ground for forfeiture of the charter in quo warranto by the state.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 14.*]

3. CONSTITUTIONAL LAW (§ 70*)—JUDICIAL AUTHORITY—ENCROACHMENT ON EXECUTION —EXPEDIENCY OF GRANT OF FRANCHISE.

In proceedings by a railroad corporation to condemn land for a right of way, the court cannot consider matters involving the expediency of the granting by the state of a franchise to the corporation to construct and operate a railroad.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 129–132; Dec. Dig. § 70.*]

4. EMINENT DOMAIN (§ 20*)—RIGHT TO EXERCISE—RAILROADS.

Under Rev. St. 1895, art. 4422 et seq., giving to railroad corporations the right to construct railroads, etc., a domestic railroad corporation, legally incorporated, may condemn property for a right of way, and a proposed condemnation cannot be objected to on the ground that it is unlawful as authorizing the taking of property for a private use.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 59–67; Dec. Dig. § 20.*]

Appeal from Liberty County Court; J. B. Simmons, Judge.

Proceedings by the Trinity Valley & Northern Railway Company against J. R. Chapman and others to condemn land for a right of way. From a judgment awarding damages, defendant Chapman appeals. Affirmed.

Terry, Cavin & Mills and Rodman S. Cosby, for appellant. Stevens & Pickett and Baker, Botts, Parker & Garwood, for appellee.

REESE, J. This is an appeal from a judgment of the county court in a proceeding for the condemnation of a right of way, instituted by' the Trinity Valley & Northern Railway Company against J. R. Chapman as owner of the growing timber, and other persons owning the land, the right of way, 100 feet wide, across which was sought to be condemned. The trial court sustained certain special exceptions to parts of Chapman's objections to the right of the railway company to condemn, and on trial with a jury there was a judgment in favor of the railway company as to the right of way, and awarding Chapman $27.50 damages for the timber, and the owners of the land $16.65, the value of the land taken. From the judgment Chapman alone appeals.

The Trinity Valley & Northern . Railway Company was duly and regularly created under the provisions of title 94 of the Revised Statutes as a railway company, for the purpose of constructing and operating a standard gauge railway beginning in or near the town of Dayton in Liberty county, and extending thence in a northerly direction through the county of Liberty to a point in or near the town of Cleveland in said county. The regular incorporation of the railway company is not denied by appellant. Appellant opposed to the right of appellee to condemn the right of way the following special objections, set out in different paragraphs of his answer:

"First. This petitioner · further represents that the so-called railway company is not in fact a railway at all, but that it is incorporated solely or primarily for the purpose of hauling lumber and mill products and kindred freight for and to the mill of the Dayton Lumber Company in Dayton, Tex.; that said Trinity Valley & Northern Railway Company is for the, most part owned and controlled by the said Dayton Lumber Company; that it was incorporated and organized, not primarily for the benefit of the public at large and for the development of the country through which it traverses, but primarily to subserve the interest of the Dayton Lumber Company in transporting its mill products to the market.

"Second. That the .incorporation of the said Trinity Valley & Northern Railway Company as a common carrier and its recognition by the Railroad Commission of the State of Texas as such were had and procured fraudulently, and for the sole purpose of obtaining illegal and unauthorized benefits at the expense of the public, and more particularly at the expense of the petitioner herein; that the said Trinity Valley & Northern Railway Company has no intention of complying with the purposes as set out in its charter; that the appliances and equipment of the said Trinity Valley & Northern Railway Company are of a temporary nature and are to serve a temporary' purpose; that the maintenance of depots, section houses, and station houses, and the operation of a so-called passenger train by the said Trinity Valley & Northern Railway Company are all done with the end in view that the real purpose of the Trinity Valley & Northern Railway Company be concealed; and that, in the guise of a common carrier, it may obtain such benefits, privileges, and advantages as it would not otherwise and should not legally possess.

"Third. Petitioner further alleges that nine-tenths of the material hauled · by the said Trinity Valley & Northern Railway Company is material and freight belonging to the Dayton Lumber Company or the employés and agents thereof, or material and freight in which the Dayton Lumber Company, its agents or employés, are directly interested; that nine-tenths of the passengers that the Trinity Valley & Northern Railway Company hauls are employés, agents, and servants of the said Dayton Lumber Company.

"Fourth. Petitioner further represents that the country through which the Trinity Valley & Northern Railway Company runs its line of railroad is very sparsely settled, and that the sole occupations and industries of the inhabitants thereof are those connected with the lumber mill business, and that there exists no reason or occasion for a railway through that section, and the discontinuance of, such would not seriously inconvenience the public.

"Fifth. Petitioner would respectfully show that the proposed condemnation of this land is unlawful and unconstitutional, in that it would authorize the taking of private property without the consent of the owner for a purely private use."

A special exception was urged by appellee to each of these objections, which was by the trial court sustained, and the several rulings are assailed by separate assignments of error.

[1] As to the first objection above set out, it is true, as stated' by appellant in his proposition under this assignment, that the question of public use vel non is a judicial question; but admitting the fact that appellee is a regularly chartered railroad company, as authorized by the statute under which it has been created, and that the land sought to be· condemned is for a right of way 100 feet wide, neither of which facts are denied, the facts set out in this objection afford no defense to the application to condemn. By its incorporation the railway became a public highway, and the railway company a common carrier. Const. art. 10, § 2. Whatever the motives or the primary purpose of the incorporators may have ·been, the law imposes upon the corporation certain duties to the public, which it cannot evade, but which by the same power which called it into being it can be compelled to perform.

It may not have been called upon to serve the general public either in the carriage of freight or passengers; but it must carry every passenger who presents himself for carriage and every pound of freight offered for transportation, or suffer the penalty prescribed by law.

"The character of a way, whether public or private, is determined by the extent of the right to use it, and not by the extent to which that right is exercised." Railway Co. v. Railway Co., 16 Mont. 504, 41 Pac. 232, 31 L. R. A. 298, 50 Am. St. Rep. 508. "At the present day it would hardly be doubted that the mere acceptance of a franchise to build and operate a railway, coupled with the power of eminent domain, would involve the assumption of duties to the public." Borden v. Rice & Irrigation Co., 98 Tex. 510, 86 S. W. 14, 107 Am. St. Rep. 640.

[2] As to the second objection above set out, if the charter was procured fraudulently and for the purposes set out, while such facts might afford proper grounds for forfeiture of the charter of the company in quo warranto proceedings at the suit of the state, these matters cannot be inquired into in a proceeding to condemn land for a right of way.

[3] The third and fourth objections stated above are obviously untenable. These were matters to be judged of by the state in granting the franchise to construct and operate a railway, and the expediency of the grant cannot be questioned in a proceeding to condemn the right of way.

[4] The proceeding is to condemn land for a right of way 100 feet in width. It is not questioned that the corporation is a legally incorporated railway company. Its right to condemn property for a right of way necessarily follows. This is the condemnation which is proposed in this proceeding. Appellant attacks this right upon grounds which are clearly untenable, and to sum up he sets up in his fifth objection that the proposed condemnation is unlawful and unconstitutional. The objection was properly overruled. We think it is entirely clear that the court did not err in sustaining the several exceptions referred to. Rev. St. 1895, arts. 4422–4475; Railway Co. v. Ferris, 26 Tex. 598; Croley v. Railway Co., 56 S. W. 615; Railway Co. v. Coal Co., 161 Mo. 288, 61 S. W. 684, 51 L. R. A. 936, 84 Am. St. Rep. 717; Railway Co. v. Newton, 133 N. C. 136, 45 S. E. 549; Railway Co. v. Railway Co., 16 Mont. 504, 41 Pac. 232, 31 L. R. A. 298, 50 Am. St. Rep. 508; Ulmer v. Lime Rock Ry. Co., 98 Me. 579, 57 Atl. 1001, 66 L. R. A. 387; Lumbering Co. v. Johnson, 30 Or. 205, 46 Pac. 790, 34 L. R. A. 368, 60 Am. St. Rep. 818.

We have examined also the remaining assignments of error, with the propositions thereunder, and conclude that none of them have any merit, and they are severally overruled.

We find no error, and the judgment is affirmed.

Affirmed.