MOUNTAIN RETREAT ASSOCIATION v. MOUNT MITCHELL DEVELOPMENT COMPANY.

(Filed 22 February, 1922.)

1. **Eminent Domain—Turnpikes—Public Use—Condemnation—Statutes—Easements.**

The taking of private lands for turnpike or toll-road purposes is for a public use, and may be acquired for such purposes by proper proceedings before the clerk of the court of the appropriate county under the provisions of C. S., 1705 *et seq.*, when the corporation has been organized under the provisions of our general incorporation law, C. S., 1113 *et seq.*, and has express charter powers to do so.

2. **Same—Private Purposes.**

The right of a corporation to condemn lands for a public use, having the statutory powers, is not affected or impaired because in the charter it may be given rights of a more private nature to which the right of condemnation may not attach.

3. **Eminent Domain—Clerks of Court—Statutes—Procedure—Courts—Jurisdiction—Writ of Prohibition—Actions—Injunction—Equity.**

Where it is properly made to appear from the petition in proceedings to condemn lands of private owners for the purpose of a turnpike road, brought before the clerk of the court of the proper county, that the petitioner is a duly incorporated company, having the right of eminent domain, and the proceedings are in conformity with the statute as to the termini, route of the proposed road, etc., an attempt by such owners to obtain an injunction by independent action is, in effect, an erroneous effort to obtain a writ of prohibition restraining the clerk of the court from exercising the jurisdiction conferred exclusively on him by statute, cognizable only in the Supreme Court, it being required that the want of authority of the petitioner to condemn the land be taken by answer in the proceedings before the clerk, C. S., 1720; and the action will be dismissed.

APPEAL by plaintiff from *Brock, J.,* at October Term, 1921, of BUNCOMBE.

Civil action, heard on return to preliminary restraining order. There was judgment for defendant, and plaintiff excepted and appealed.

*Jones, Williams & Jones and Mark W. Brown for plaintiff.*
*Martin, Rollins & Wright for defendant.*

HOKE, J. From the facts in evidence it appears *prima facie* that defendant company has been duly incorporated under the laws of this State, C. S., ch. 22, sec. 1113 *et seq.*, and having power under its charter to construct and maintain turnpike or toll roads in said State and various other powers not pertinent to the present inquiry. This being true, said company, by statutory authority and in express terms, has the

right under the power of eminent domain to condemn such right of way as may be reasonably required for the purpose specified, and our decisions on the subject hold that this power of eminent domain very generally allowed and exercised in roads of this kind is in no way affected or impaired because in the charter the company may be given rights of a more private nature to which the right referred to may not attach. C. S., ch. 33, sec. 1705 *et seq.; Power Co. v. Power Co.,* 175 N. C., 668; *S. c.,* 171 N. C., 248; *Land Co. v. Traction Co.,* 162 N. C., 314; *Street Railway v. R. R.,* 142 N. C., 423; 5 Enc. of S. C. Reports of U. S., 761-765; Nichols on Power of Eminent Domain, sec. 218.

In the last citation (Nichols) it is said: "Toll roads, turnpikes, or plank roads constructed or managed by individuals or private corporations, at their own expense, but open to use by any member of the public on the payment of a reasonable fee have invariably been held a public use."

It further appears that, acting under the powers so conferred, the defendant company having duly determined to construct and maintain a road of this character from a point at or near Black Mountain station on the Southern Railroad to the top of Mt. Mitchell, N. C., where the State has and maintains a public park of 1,800 or more acres, has filed its petition before the clerk of the Superior Court of Buncombe County, having jurisdiction of the matter, to condemn a right of way through the lands of the present plaintiff as reasonably required for the purpose specified. In such, its petition, the defendant, after averment of the powers possessed under its charter and the purpose of establishing the road as indicated, specifying its terminal points, alleges that the route covers a distance of twenty-two miles, chiefly along an old road bed of a lumber road now disused, and petitioner has acquired and owns the entire right of way required except for distance of six miles running through the lands of the present plaintiff, and which the petitioner has been unable to acquire by purchase, etc.    C. S., 1715.

Thereupon, the present plaintiff, made party defendant in the petition of the Mt. Mitchell Development Company, institutes the present action seeking to obtain an injunction restraining the said company from proceeding to condemn the right of way sought by said company through the present plaintiff's property on allegations fully set forth in its verified complaint used as an affidavit in the cause, which said allegations and averments relied on as a basis for relief are fully denied by the present defendant. Upon this a sufficient statement for a proper apprehension of the questions presented, we think the preliminary restraining order has been properly set aside, and are of opinion further that on the record the plaintiff's action should be dismissed.

The statute under which the present defendant is endeavoring to proceed contains, among others, the following provision, same being part of section 1720: "On presenting such petition to the Superior Court, with proof of service of a copy thereof and of the summons, all or any of the persons whose estates or interests are to be affected by the proceedings may answer such petition and show cause against granting the prayer of same, and may disprove any of the facts alleged in it."

Without making extended or detailed reference to the elaborate averments of the instant complaint, it will suffice to say that after very careful examination we have failed to discover a single position set forth and relied on by present plaintiff as a basis for relief which may not be made available to him under the comprehensive provisions of the statute we have just cited, and it is in that proceeding and there alone that the defenses of the plaintiff, if he have them, must be set up and established.

A proper consideration of the pleadings will show that under the guise of an action to obtain an injunction against the defendant, the plaintiff, in fact and truth, is seeking to procure a writ of prohibition restraining the clerk of the Superior Court of Buncombe County from exercising the powers and jurisdiction conferred upon him by the law in condemnation proceedings. It is the well established principle in this jurisdiction that such a writ can only be obtained by application in proper instances to this Court, and the Superior Court is without power to proceed further in such a matter. *R. R. v. Newton,* 133 N. C., 136; *S. v. Whitaker,* 114 N. C., 818; *Perry v. Shepherd,* 78 N. C., 83.

To allow a litigant, in the manner attempted here, to withdraw his case from the tribunal where the statute has placed it would in many instances operate to bring about unnecessary and undesirable delays, to obstruct unduly many beneficent enterprises required for the public weal, and thus contravene and thwart the meaning, purpose, and policy of our condemnation laws, which, as stated, have placed these questions primarily and exclusively in the jurisdiction of the clerks of the court, to be administered as the law there directs; even if a right to injunctive relief is presented, it should be obtained as an incident to the defenses set up and to be considered in the condemnation proceedings and not by an independent action. *Wilson v. Alleghany Co.,* 124 N. C., 7; *Hunt v. Sneed,* 64 N. C., 176.

This will be certified that judgment be entered dismissing plaintiff's suit, without prejudice to any rights or defenses allowed and available to him under the law, and the facts as they may be properly presented and established.

Action dismissed.