Eliza Jane DOBY and J. Lillian Doby, Plaintiff,

v.

R. L. BROWN, Jr., John B. Morris, Jr., J. Heath Morrow, Charles M. Pickler, H. Wells Rogers, Ted Furr, Trustees of the Albemarle City Administrative Unit, and Claud Grigg, Superintendent of Public Instruction of the Albemarle City Administrative Unit, Defendants.

Civ. No. 337.

United States District Court
M. D. North Carolina,
Salisbury Division.

Nov. 4, 1955.

Sedberry, Clayton & Sanders, Charlotte, N. C., for plaintiff.

Morton & Williams, Albemarle, N. C., for defendants.

HAYES, District Judge.

The plaintiffs in their complaint allege that the defendants, school officials of the Albemarle School District, are seeking to condemn a tract of their land to be used as a public school site and on which to erect school buildings. They seek a declaratory judgment and to restrain the defendants from proceeding with the condemnation proceedings pending in the state court. They undertake to establish jurisdiction in this court on the ground of the Fourteenth Amendment and Section 1343 of Title 28 of the U. S. Code Annotated. The matter was heard for a preliminary injunction but at the time of hearing upon the affidavits it was agreed that the case should be disposed of on its merits.

The real essence of the plaintiffs' complaint is a demand for an injunction to restrain the defendants from continuing the condemnation suit pending in the state court. They allege several reasons why the plaintiffs contend that that proceeding should be restrained. This court must determine, first of all, whether it has any jurisdiction to entertain the suit because nothing could be gained by a discussion of the case on its merits unless this court has jurisdiction. If jurisdiction exists under the allegations of the complaint it would have to be based upon Section 1343 of Title 28 U.S.C.A. This statute is commonly referred to as the Civil Rights Statute and has to do with the privileges and immunities of citizens or persons in the United States under, and by virtue of, the laws of the United States. Its history and purposes are fully set forth in Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423. In a well-considered opinion by Judge Chestnut in the case of Norris v. Mayor and City Council of Baltimore, D.C., 78 F.Supp. 451, which is cited and approved by a three-judge court in Reiling v. Lacey, D.C., 93 F.Supp. 462, the jurisdictional questions under Title 28 U.S.C.A. § 1343 are exhaustively stated and the conclusion is reached that this section deals only with the deprivation of civil rights as to which the amount in controversy is not essential. If, however, the suit is to enforce a federal right, which is not the deprivation of a civil right, it is necessary that the amount in controversy exceed $3,000 as it does in cases of diversity of citizenship.

It does not appear in the plaintiffs' complaint that their tax liability in the school district, by virtue of the issuance of bonds, amounts to $3,000. The tax of the plaintiffs is the basis for the determination of the amount in controversy and not the value of the property owned by them. Colvin v. City of Jacksonville, 158 U.S. 456, 15 S.Ct. 866, 39 L.Ed. 1053. In the absence of an allegation that the amount of their tax liability under the so-called illegal school bonds would exceed $3,000, this court has no jurisdiction to entertain the cause of action and accordingly the case will be dismissed without prejudice.

The plaintiff also undertakes to establish jurisdiction in this court by alleging that the value of their land exceeds $3,000 and that the defendants are undertaking to take it away from them by condemnation proceedings in the state court, contrary to the provisions of the Fourteenth Amendment. However, this court is not bound by their allegations of legal conclusions but it is the duty of the court to ascertain whether a bona fide controversy does exist in which this court has the right to take jurisdiction. Robinson v. Anderson, 121 U.S. 522, 7 S.Ct. 1011, 30 L.Ed. 1021, and Defiance Water Co. v. City of Defiance, 191 U.S. 184, 24 S.Ct. 63, 48 L.Ed. 140. General Statutes of N. C. 115-85 et sequor make ample provision for the ascertainment of damages in condemnation proceedings of property for public use and not only provide for the appointment of appraisers but provides for an appeal from the determination to the Superior Court and to a trial before a jury on the value of property being taken. These statutes meet all of the require-

## 586

ments of due process and have been so well and so long determined that it is not necessary to cite any authorities other than Abernathy v. South & W. R. Co., 150 N.C. 97, 63 S.E. 180; City of Oakland v. United States, 9 Cir., 124 F.2d 959, and Hanson Lumber Co. v. United States, 261 U.S. 581, 43 S.Ct. 442, 67 L. Ed. 809. The North Carolina statutes meet the requirements both of just compensation and due process under the Fourteenth Amendment to the United States Constitution.

■ The condemnation proceedings in the State of North Carolina was a proceeding *in rem* against the specific property. United States v. Burnette, D. C., 103 F.Supp. 645; United States v. 25.936 Acres, 3 Cir., 153 F.2d 277; North Laramie Land Co. v. Hoffman, 268 U.S. 276, 45 S.Ct. 491, 69 L.Ed. 953. The state court acquired jurisdiction of the *rem* in the condemnation proceedings in spite of the dilatory action of the plaintiffs in their efforts to frustrate the state court in obtaining jurisdiction of the *rem* and over the plaintiffs. Toucey v. New York Life Ins. Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100. The history of that delay is set forth in Brown v. Doby, 242 N.C. 462, 87 S.E.2d 921. The plaintiffs unsuccessfully attempted in the state court to restrain the defendants from proceeding with the condemnation suit. Mountain Retreat Ass'n v. Mount Mitchell Development Co., 183 N.C. 43, 110 S.E. 524. Having failed in the state court they filed this suit in effect to restrain the parties from proceeding in the state court.

■ If the other obstacles heretofore mentioned had been met by the plaintiffs we could not entertain jurisdiction because we are forbidden to do so by Title 28 U.S.C.A. § 2283. Defiance Water Co. v. City of Defiance, supra. It is appropriate to quote from the above case as follows [191 U.S. 184, 24 S.Ct. 67]:

"Litigation in the state courts cannot be dragged into the Federal courts at such a stage and in such a way. The proposition is wholly untenable that, before the state courts in which a case is properly pending can proceed to adjudication in the regular and orderly administration of justice, the courts of the United States can be called on to interpose on the ground that the state courts might so decide as to render their final action unconstitutional."

This court ought not to assume jurisdiction in a case of this nature unless clearly compelled to do so, because all the parties are citizens of the State of North Carolina and the issues relate primarily to school authorities and the law of North Carolina. The courts of the state are abundantly capable of determining the rights of all parties in interest. We have no reason to doubt that the state courts will follow the Constitution of the United States and safeguard everyone's rights. Whether the bond election was valid is a question to be determined by the law of North Carolina and the courts of the state are the proper forums in which to do it. Federal judges are ill-prepared to sit in judgment in every school squabble. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 ruled that segregation was discriminatory but it did not require a federal judge to become a substitute for local school boards. The state still operates; it still pays the bills; it still retains control and so long as it does, the federal law will not interfere. The courts of the state are reluctant to interfere with the action of school boards in the performance of their discretionary powers. Key v. Board of Education, 170 N.C. 123, 86 S.E. 1002. Certainly a federal court should not interfere except in cases of undoubted jurisdiction.