*STATE v. B. A. ANDERSON.

*Jurisdiction.*

The superior court has jurisdiction of a misdemeanor for failing to list purchases under the revenue act of 1876-'77, ch. 156, § 12, unless it appears that a justice of the peace has assumed jurisdiction under the provisions of the act of 1868-'69, ch. 178; especially as the word " exclusive " is omitted in the amended constitution, Art. IV, § 27.

(*State* v. *Drake,* 64 N. C., 589 ; *State* v. *Buck,* 73 N. C., 630, cited, commented on and approved.)

INDICTMENT for a Misdemeanor tried at Fall Term, 1878, of COLUMBUS Superior Court, before *Buxton, J.*

When the case was called for trial the defendant's counsel moved to dismiss for want of jurisdiction. His Honor allowed the motion, and *McIver,* solicitor for the state, appealed.

---

*Since the decision in this case the legislature passed an act defining the criminal jurisdiction of justices of the peace. Acts 1879, ch. 92. The ruling, therefore, may be of no practical importance.

*Attorney General,* for the state.
No counsel for the defendant.

ASHE, J.   The defendant was indicted at spring term, 1878, of Columbus superior court for violating a provision contained in section 12, chapter 156 of the acts of 1876-'77, which is as follows : "Every person required by law to list his purchases shall on the first day of January and July, in each year, list on oath to the register of deeds the total amount of his purchases for the preceding months." The indictment was dismissed by the judge of the superior court and the solicitor appealed.   The question presented for the consideration of this court is whether the superior court had jurisdiction of the case.

There is a further provision in the same section that "the register of deeds shall have power to require the merchant making his statement to submit his books for examination to him, and every merchant failing to render such list, or refusing on demand to submit his books for examination, shall be guilty of a misdemeanor and on conviction shall be fined not more than fifty dollars or imprisonment not more than thirty days."   The punishment prescribed is within the constitutional limit to the jurisdiction of justices of the peace, and unquestionably gives them final jurisdiction; but this court has held that that did not divest the superior courts of their original jurisdiction.   It was held under the constitution of 1868, which gave *exclusive* criminal jurisdiction to justices of the peace within their counties where the punishment did not exceed a fine of fifty dollars and one month's imprisonment, that the superior courts have jurisdiction of all offences except such as have been heard or are pending before a justice according to the terms of the act of 1868-'69, ch. 178.   *State* v. *Drake,* 64 N. C., 589; *State* v. *Buck,* 73 N. C., 630.   In this latter case READE, J., in delivering the opinion of the court, said : "The con-

STATE *v.* ANDERSON.

stitution, Art. IV, § 33, gives to justices of the peace exclu-sive original jurisdiction when the punishment cannot ex-ceed a fine of fifty dollars or imprisonment for one month. But this is to be under such regulations as the general as-sembly shall prescribe.    The general assembly has prescribed regulations:—

1. That the complaint must not be by collusion and must be by the injured party.

2. It must be made within six months and in writing and under oath.

It has frequently been discussed whether when the legis-lature fixes the punishment for any given offence within the limits of a fifty dollar fine and one month imprison-ment, it thereby becomes cognizable before a justice *to the exclusion* of the superior court, and we have held that it did not." However this may be, under the constitution of 1868, if the superior courts retained their jurisdiction under that constitution which purported to give exclusive jurisdiction to justices of the peace when the punishment could not ex-ceed a fine of fifty dollars and imprisonment for one month, how much better reason for awarding to them jurisdiction in like cases under the amended constitution in which the term "exclusive" is omitted?    Art. IV, § 27.

We are of the opinion that the superior court had juris-diction inasmuch as it does not appear that the justice of the peace had assumed the jurisdiction by a compliance with the provisions of the act of 1868–'69, ch. 178, but more especially because the word "exclusive" is omitted in the amended constitution.

There is error.    Judgment below is reversed.    Let this be certified to the superior court of Columbus county that further proceedings may be had according to law.

PER CURIAM.                                        Error.