STATE v. SHINE. ·

(Filed 19 November, 1908).

1. Indictment — Misdemeanor —"Feloniously"—"Second Offense"—Surplusage.

When the word "feloniously" is used in a bill of indictment for an offense which the statute makes a misdemeanor, it, and a charge of "guilty of a second offense," are regarded as surplusage.

2. Legislative Power—"Recorder's Court"—Jurisdiction, Defined—Constitutional Law.

The Legislature has the constitutional power to create a "recorder's court" of a city, giving it original jurisdiction over all criminal offenses below that of felony, and declare them to be "petty misdemeanors."

3. Same—Appeal—Trial by Jury.

When a legislative act creates a court of original jurisdiction for the trial of petty misdemeanors, and prescribes an appeal to the Superior Court, the constitutional right of trial by jury is preserved.

4. Legislative Powers—Courts—Appeal—Grand Jury—Constitutional Law.

No valid objection can be raised to the constitutionality of a court created by the Legislature, preserving the right of appeal to the Superior Court, because a grand jury is not the first to pass upon a bill of indictment charging the offense.

ACTION tried before *Long, J.,* and a jury, August Criminal Term, 1908, of UNION. Defendant appealed.

*Assistant Attorney-General Hayden Clement* for the State. *Redwine & Sikes* for defendant.

CLARK, C. J. The defendant was tried in the Superior Court upon appeal from the recorder's court of Monroe. The offense charged was retailing spirituous liquor. In the warrant, it was charged that the offense had been committed unlawfully, wilfully and "feloniously." The punishment prescribed is that of a misdemeanor (Rev. 3291) and that fixes the grade of the offense, *State v. Fesperman,* 108 N. C., 770; *State v. Lytle,* 138 N. C., 744. The word "felon-

iously" must therefore be treated as surplusage (*State v.* *Edwards*, 90 N. C., 710, and cases there cited) as must also the allegation that the defendant was "guilty of a second offense." The unnecessary words did not vitiate. *State v.* *Fain*, 106 N. C., 766; *State v. Hart*, 116 N. C., 978; *State v. Darden*, 117 N. C., 697. Besides, on appeal, his Honor permitted the warrant to be amended, as he had the right to do, Rev., sec. 1468, by striking out these superfluous words, and still "sufficient matter appears in the bill to permit the court to proceed to judgment," Rev., sec. 3254, for an offense under Laws of 1905, ch. 497, sec. 12.

Laws 1907, ch. 860, sec. 4 (5), creating the recorder's court of Monroe, provides that: "Said court shall have exclusive original jurisdiction to hear and determine all other criminal offenses committed within the county of Union below the grade of a felony as now defined by law, and all other such offenses committed within the county of Union are hereby declared to be petty misdemeanors."

The Constitution, Art. IV, sec. 12, gives to the General Assembly express power to allot and distribute the jurisdiction below the Supreme Court, among the other courts prescribed in the Constitution, or which may be created by the legislature, in such manner as it may deem best, if done without conflict with other provisions of this Constitution. In pursuance of this provision, the General Assembly created criminal courts, with right of appeal direct to this Court. This, we were compelled to hold, was "in conflict with other provisions of this Constitution." *Rhyne v. Lipscombe*, 122 N. C., 650; *Tate v. Commissioners, ib.*, 661.

In response to the public needs and a general public demand for courts that could make speedy and inexpensive trial of lesser offenses, the General Assembly thereupon instituted the policy of establishing courts for the trial of petty misdemeanors, without jury, preserving the right to a jury

trial by giving the right of appeal with a trial *de novo* in the Superior Court.

This was assailed by attacking the statute creating the Police Court of Asheville, but it was held constitutional in *State v. Lytle,* 138 N. C., 738, after the fullest consideration. It was there held at pp. 743, 744, that the General Assembly, having transferred high misdemeanors into the grade of felony, was acting in the scope of its powers in classing all other misdemeanors as petty misdemeanors. This not only complies with the words and spirit of the Constitution, but a party who has been tried before one of these courts, with opportunity to answer, has been put to no disadvantage as compared with those whose first hearing is before the grand jury, where neither he nor his witnesses have any opportunity to be heard. The right of appeal preserves the right of trial by jury. *State v. Jones,* 139 N. C., 618; and *State v. Brittain,* 143 N. C., 670, citing with approval *State v. Lytle, supra.* Though the defendant was sentenced to twelve months on the roads, he was convicted of a misdemeanor only, and had his trial before jury and judge in the Superior Court.

In *State v. Baskerville,* 141 N. C., 818, this Court sustained the constitutionality of the act creating the Police Court of Raleigh, which conferred upon such court "power and jurisdiction over all misdemeanors committed within the corporate limits" of Raleigh or in Raleigh Township.

The Police Court of Winston was upheld in *State v. Jones,* 145 N. C., 460, though its constitutionality was assailed on the same ground, as here, that there was no indictment found by a grand jury. The offense there charged was a "petty misdemeanor for larceny of goods less than $10.00 in value." The Court said the "same point has been fully discussed and settled in *State v. Lytle,* 138 N. C., 738." We regard the matter as settled.

No error.