### STATE v. LEAN COLLINS.

### (Filed 29 September, 1909.)

**1. Recorder's Court—Jurisdiction—Constitutional Law.**

> The act of 1909. chap. 633, sec. 4, creating a Recorder's Court of Nash County, giving it the jurisdiction of courts of a justice of the peace and additional jurisdiction of offenses below a felony, declaring such to be petty misdemeanors, and providing for an appeal to the Superior Court, does not contravene the State Constitution. Constitution, Art. IV, secs. 2, 12 and 14. The court follows former precedents.

**2. Same—Superior Court—Quashing Bill.**

> An indictment for an assault with a deadly weapon is a misdemeanor and cognizable by the Recorder's Court of Nash County (Laws 1909, chap. 633), and the Superior Court of that county properly quashed the bill for want of original jurisdiction, the indictment having been found after the law creating the Recorder's Court had been enacted.

APPEAL from *Peebles, J.,* February Term, 1909, of BEAUFORT. The State appealed. The facts are stated in the opinion.

*Attorney-General* for the State.
*F. S. Spruill* for defendant.

WALKER, J.   The defendant was indicted in the Superior Court of Nash County for an assault with a deadly weapon on Will Swain. The defendant, before pleading to the bill, moved the court to quash it, for the reason that the Legislature had, prior to the return of the indictment by the grand jury, established a recorder's court in the county of Nash and had conferred exclusive jurisdiction upon that court to hear and determine a certain class of criminal offenses, including the one which is charged in the bill of indictment to have been committed by the defendant. The court quashed the bill, and the State appealed. The solicitor resisted the motion to quash, upon the ground that the. act of the Legislature creating a recorder's court for said county is unconstitutional, as that body had no power to deprive the Superior Court of Nash County of jurisdiction of offenses below the grade of a felony. Some questions in the law must be considered as settled, and this is one of them. The act in question provides both for a trial by jury in the recorder's court and for an appeal from the judgment of that court to the Superior Court, where a trial *de novo* may be had, as in the case of appeals from the courts of justices of the peace. The Constitution of the State provides (in Article IV) as follows:

"Sec. 2. The judicial power of the State shall be vested in a court for the trial of impeachments, a Supreme Court, Superior Courts, courts of justices of the peace, and such other courts inferior to the Supreme Court as may be established by law.

"Sec. 12. The General Assembly shall have no power to deprive the judicial department of any power or jurisdiction which rightfully pertains to it as a co-ordinate department of the government; but the General Assembly shall allot and distribute that portion of this power and jurisdiction which does not pertain to the Supreme Court among the other courts prescribed in this Constitution or which may be established by law, in such manner as it may deem best, provide also a proper system of appeals, and regulate, by law, when necessary, the methods of proceeding, in the exercise of their powers, of all the courts below the Supreme Court, so far as the same may be done without conflict with other provisions of this Constitution.

"Sec. 14. The General Assembly shall provide for the establishment of special courts for the trial of misdemeanors in cities and towns where the same may be necessary."

These provisions, so plainly worded and so comprehensive in their scope, would seem to admit of no doubt as to the rightful exercise by the Legislature of its constitutional power in enacting the law by virtue of which the recorder's court of Nash County was created and afterwards organized, and to be a full answer to the contention of the State in the court below. But the question has been heretofore fully considered by this Court, and we reached the conclusion that the Legislature had the power, under the Constitution, to establish a recorder's court, not only for cities and towns (*State v. Lytle,* 138 N. C., 738; *State v. Baskerville,* 141 N. C., 811; *State v. Jones,* 145 N. C., 460), but also for counties (*State v. Shine,* 149 N. C., 480). In the case last cited the Legislature created the recorder's court of Monroe, in the county of Union, and further provided in the act by which the court was established, as follows: "Said court shall have exclusive original jurisdiction to hear and determine all other criminal offenses committed within the county of Union below the grade of a felony, as now defined by law, and all other such offenses committed within the county of Union are hereby declared to be petty misdemeanors." This language is at least substantially identical with that to be found in Laws 1909, ch. 633, by which a recorder's court for Nash County was created. If the former act was valid, and we so held, the latter must necessarily be. It may be well to quote the language of the act of 1909 (chapter 633, section 4), in order to make clear the strik-

ing similarity between the two enactments: It is as follows: "Said court shall have all jurisdiction and power in all criminal cases arising in said county which are now or may hereafter be given to justices of the peace, and, in addition to the jurisdiction conferred by this section, shall have exclusive original jurisdiction of all other criminal offenses committed in said county below the grade of felony, as now defined by law, and the same are hereby declared to be petty misdemeanors."

It follows as a conclusion from the facts of this case, when considered in the light of our former decisions, that when the recorder's court of Nash County was established, the Superior Court of that county lost its jurisdiction of offenses described in the act of 1909; and as the offense of assault with a deadly weapon is a misdemeanor, and consequently below the grade of a felony, the judgment of the court quashing the bill for want of jurisdiction was in all respects correct.

Affirmed.