### STATE v. J. E. DOSTER.

(Filed 20 December, 1911.)

1. Recorder's Courts—Jurisdiction Exclusive—Legislative Powers—Corporate Limits—Constitutional Law.

    Section 27, Article IV of the State Constitution, as modified by section 14 of the same article, authorizes and empowers the Legislature to establish special courts in cities and towns and give them exclusive jurisdiction of misdemeanors committed within the corporate limits.

2. Same.

    An act creating a recorder's court for an incorporated town, conferring exclusive jurisdiction over offenses cognizable in

courts of a justice of the peace, is void in so far as it seeks to extend the jurisdiction and make the same exclusive as to such offenses committed in the township beyond the corporate limits of the town.

APPEAL from *Cooke, J.*, at Fall Term, 1911, of UNION.

Criminal action heard on appeal from justice's court.

On the trial it appeared that defendant on 29 October, 1911, the said date being Sunday, was found off his premises and having a shotgun, etc., within Monroe Township and outside of the city of Monroe, contrary to Revisal, sec. 3842. That on warrant issued by M. L. Flow, a justice of the peace of Monroe Township, resident within the city of Monroe, defendant was convicted for said offense, and on appeal to the Superior Court was again convicted and sentenced. Defendant having raised question by motion to quash the indictment, etc., moved in arrest of judgment that under the statute establishing the recorder's court for the city of Monroe, a justice of the peace had no jurisdiction to try the offense. Motion denied, and defendant excepted and appealed.

*Attorney-General T. W. Bickett and George L. Jones, Assistant Attorney-General, for the State.*

*J. J. Parker for defendant.*

HOKE, J. The act establishing the recorder's court for the city of Monroe, Laws 1907, ch. 860, in section 4, subsec. 3, confers upon said court exclusive original jurisdiction of all criminal offenses within Monroe Township in said county of Union "which are now or may hereafter be within the jurisdiction of a justice of the peace." Section 3842 creates an offense which is within the ordinary jurisdiction of the justice of the peace, and if the act in question is valid the position of defendant must be sustained. The Constitution, Article IV, sec. 27, among other things provides that "The several justices of the peace shall have jurisdiction of all criminal matters arising within their counties where the punishment cannot exceed a fine of $50 or imprisonment for thirty days."

In *S. v. Baskerville* the Court held that this provision as to jurisdiction, otherwise peremptory, was so far modified by sec-

tion 14 of the same article, that authorizing the General Assembly to establish special courts for the trial of misdemeanors in cities and towns, that such courts could be given exclusive jurisdiction of all proper offenses committed within the incorporate limits of the city or town where the same were properly established.

In *Baskerville's case* the offense was committed within the incorporate limits and the exclusive jurisdiction given by statute to the recorder's court was to that extent upheld. The principles of construction approved in *Baskerville's case* and the conclusion reached are set forth in the opinion as follows: "It is well established that an act of the Legislature will never be declared unconstitutional unless it plainly and clearly appears that the General Assembly has exceeded its powers. *Sutton v. Phillips,* 116 N. C., 502; *S. v. Lytle, supra."* It is also an accepted canon of construction that in case of ambiguity the whole Constitution is to be examined in order to determine the meaning of any part, and the construction is to be such as to give effect to the entire instrument and not to raise any conflict between its parts which can be avoided. Black on Interpretation of Laws, p. 17, clause 10, citing Cooley Const. Lim., p. 58, and *Manly v. State,* 7 Md., 135. And the same idea is expressed by our Court in *S. v. Pender, supra,* where the judge says: It is the duty of the courts of this State, and one which the Court has endeavored faithfully and impartially to perform, to give to the Constitution such an interpretation as will harmonize all of the parts, and without violating any leading idea in it as a whole. From the principles here stated and the decisions of our courts, from the language of the Constitution itself, and considering the two sections together and giving to each its proper effect, we think it a correct deduction and hold it to be the law that: (*a*) Section 27, Article IV, conferring jurisdiction on justices of the peace, is so modified by section 14 of the same article as to authorize and empower the Legislature to establish special courts in cities and towns and give them exclusive jurisdiction of misdemeanors committed within the corporate limits of the same. Applying the principles approved in *Baskerville's case* to the facts presented here, we think it fol-

lows as a necessary conclusion that when, as in this case, the offense is committed outside of the corporate limits of the city, the general provision of the Constitution conferring criminal jurisdiction on justices of the peace must prevail. And the act establishing the recorder's court in so far as it attempts to confer exclusive jurisdiction on such offenses occurring outside the city limits must be declared invalid.

There is no error, and the judgment of his Honor must be affirmed.

Affirmed.