STATE v. ANNIE BROWN.

(Filed 10 April, 1912.)

**Cities and Towns—Recorder's Court—Criminal Actions—Extraterritorial Jurisdiction—Constitutional Law.**

A legislative enactment creating a municipal court for an incorporated city or town, and conferring thereon jurisdiction in a territory extending one mile beyond its corporate limits, over criminal cases concurrently cognizable in a justice's court, is valid (State Constitution, Art. IV, sec. 12) ; and does not contravene Article IV, sec. 14, of the Constitution, providing for special courts for the trial of misdemeanors in cities and towns. *S. v. Doster,* 157 N. C., 634, cited and distinguished.

APPEAL by the State from *Cooke, J.,* at February Term, 1912, of GUILFORD.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Attorney-General Bickett, T. H. Calvert, and A. Wayland Cooke for the State.*
*Sapp & Williams for defendant.*

WALKER, J. The defendant was charged in the Municipal Court of Greensboro with the common-law offense of keeping a disorderly house, and was convicted. She appealed, and was again convicted in the Superior Court, but the judgment was arrested upon the ground that the crime was not committed within the corporate limits of Greensboro, although it was committed within one mile of the same. Appeal by the State.

The contention is that the Legislature could not confer jurisdiction upon the Municipal Court of Greensboro to hear and determine criminal cases where the offenses are committed, not in the city, but within one mile thereof, and that she should have been indicted originally in the Superior Court.

The acts establishing the court expressly give the jurisdiction where the crime is committed in the city or within one mile of its corporate limits. Public Laws 1909, chap. 651, as amended by Private Laws 1911, chap. 430. Counsel for the defendant argued that this jurisdiction was not authorized by the Constitution, as it conflicted with the jurisdiction of justices of the peace under that instrument; but we think the question has been decided against this contention in several cases. It is only necessary to reproduce what was said in *S. v. Collins,* 151 N. C., 648, where reference is thus made to the constitutional provision (Article IV, sec. 12) for the establishment of courts inferior to the Superior Court: "These provisions, so plainly worded and so comprehensive in their scope, would seem to admit of no doubt as to the rightful exercise by the Legislature of its constitutional power in enacting the law by virtue of which the Recorder's Court of Nash County was created and afterwards organized, and to be a full answer to the contention of the State in the court below. But the question

has been heretofore fully considered by this Court, and we. reached the conclusion that the Legislature had the power, under the Constitution, to establish a recorder's court, not only for cities and towns (*S. v. Lytle,* 138 N. C., 738; *S. v. Baskerville,* 141 N. C., 811; *S. v. Jones,* 145 N. C., 460), but also for counties (*S. v. Shine,* 149 N. C., 480). In the case last cited the Legislature created the recorder's court of Monroe, in the county of Union, and further provided in the act by which the court was established, as follows: 'Said court shall have exclusive original jurisdiction to hear and determine all other criminal offenses committed within the county of Union below the grade of a felony, as now defined by law, and all other such offenses committed within the county of Union are hereby declared to be petty misdemeanors.' This language is at least substantially identical with that to be found in Laws 1909, chap. 633, by which a recorder's court for Nash County was created. If the former act was valid, and we so held, the latter must necessarily be." It will be observed that in *S. v. Collins* it appeared that the court was created for the entire county, including the town of Nashville, the capital of the county, and other towns therein. In *S. v. Shine* the court was created for the city of Monroe, but its jurisdiction was extended beyond the city and to the county limits. The offense for which the defendant was convicted, in that case, was committed beyond the city limits. *S. v. Baskerville, supra.* These authorities seem to be decisive of the question now raised by the appellant.

It is not necessary to decide whether the provision as to the exclusiveness of the court's jurisdiction is valid, as, if it can only be concurrent with the court of a justice of the peace in certain cases, it has assumed and exercised, in this case, its rightful jurisdiction, and the question as to the extent of the jurisdiction is not presented, nor was it presented in *S. v. Collins.*

The only question here is, and so it was in that case as to the recorder's court, whether the statutory court or the Superior Court had the jurisdiction. *S. v. Doster,* 157 N. C., 634, cited by defendant's counsel, does not sustain the position that,

because this is called a municipal court, and has jurisdiction of offenses committed in the city, it can have no jurisdiction beyond the city limits, under Article IX, sec. 14, of the Constitution, which provides for special courts for the trial of misdemeanors in cities and towns; but the intimation is clear that such jurisdiction may be given, though in some cases it may be concurrent. The offense, in that case, was within the jurisdiction of a justice of the peace, and committed outside of the city of Monroe. The defendant had been tried before a justice and convicted. On appeal he moved to quash, and the question was whether the Recorder's Court of Monroe had exclusive jurisdiction. The Court held that it did not, but it did not decide that the jurisdiction was not concurrent, or that the Legislature could not confer jurisdiction outside the city upon the recorder's court. In this case, the offense is not within the final jurisdiction of a justice of the peace. We do not see why the Legislature, under Article IV, sec. 12, of the Constitution, is not invested with ample power to establish this court and assign to it the jurisdiction conferred by the statute. The court is given jurisdiction over offenses committed within the city of Greensboro, but the power of the Legislature was not thereby exhausted. It follows, therefore, that there was error in the judgment of the court.

Error.