## STATE v. W. M. TATE and HAY COPE.

(Filed 24 May, 1915.)

1. **Witnesses — Mental Capacity — Findings of Judge—Appeal and Error— Weight of Evidence—Questions for Jury.**
    A finding by the trial judge upon the examination of a witness that he is qualified as to mental capacity to testify is not reviewable on appeal, the weight of the testimony being for the jury.

2. **Trials—Evidence—Nonsuit.**
    The refusal to nonsuit upon the evidence in this case was proper. *S. v. Poteet,* 30 N. C., 23; *S. v. Eliason,* 91 N. C., 564.

3. **Appeal and Error—Jurisdiction—Oral Motions—Supreme Court—Appellant's Brief.**
    Oral motion to dismiss for want of jurisdiction in the inferior court may be made for the first time in the Supreme Court on appeal; but it is suggested that it would be but just to the opposing party for appellant to take this position in his brief.

4. **Constitutional Law—Trial by Jury—Appeal—Superior Court.**
    The constitutional guarantee of a trial by jury is not violated in a police court for the trial of misdemeanors, where there can be no sentence imposed of imprisonment in the State's Prison or of death, and this right is preserved by right of appeal to the Superior Court.

APPEAL by defendant from *Cline, J.,* at January Term, 1915, of HAYWOOD.

*Attorney-General for the State.*
*M. Silver for defendants.*

CLARK, C. J.   The defendants were indicted for fornication and adultery under Revisal, 3350, in the police court of Waynesville, and adjudged guilty.   On appeal to the Superior Court, they were tried before a jury, who found them guilty.

The first exception is because, the defendants having objected to permitting one Flora Franklin to testify because of mental incapacity, the court, after questioning the witness, who was also questioned by the counsel for the defendants and by the solicitor, found as a fact that she was competent to testify.   In *S. v. Perry,* 44 N. C., 330, where the same objection was made, the Court held that the trial judge was the exclusive judge as to the competency of a witness in such case to testify, the weight of the testimony being for the jury.   The finding by a trial judge that an infant is competent to testify was held conclusive.   *S. v. Stewart,* 156 N. C., 636; *S. v. Edwards,* 79 N. C., 648; *S. v. Manuel,* 64 N. C., 601; 40 Cyc., 2240.

Exception 2 was for the refusal of a nonsuit.   We need not recite the evidence, but it was amply sufficient to be submitted to a jury.   *S. v. Poteet,* 30 N. C., 23; *S. v. Eliason,* 91 N. C., 564.   It is rarely that in cases of this kind there can be direct evidence, but the attendant circumstances were sufficient to justify a jury in finding a verdict of guilty in this case, and were properly submitted to a jury.

The exception was submitted orally in this Court, not having been taken below, nor set out in the record nor in brief of counsel, that the police court did not have jurisdiction.   It is true that such objection can be taken for the first time in this Court (Rule 27, 164 N. C., 548), but it would be just to the other side to at least present the matter in the appellant's brief.   The defendants have had a trial before a jury in the county of Haywood, and have thus preserved their constitutional rights.   They were in no wise prejudiced by the fact that prior thereto they had been tried in the police court, for the trial in the Superior Court was entirely *de novo.*   The constitutionality of police courts for the trial of misdemeanors, where there can be no sentence imposed of imprisonment in the State's Prison or of death, and the defendant on appeal has had a jury trial in the Superior Court, has been too often sustained to require discussion.   *Walker, J.,* in *S. v. Collins,* 151 N. C., 648, citing *S. v. Lytle,* 138 N. C., 738; *S. v. Baskerville (Hoke, J.),* 141 N. C., 811; *per curiam* opinion in *S. v. Jones,* 145 N. C., 460; *S. v. Shine,* 149 N. C., 480.   A later case is *S. v. Hyman,* 164 N. C., 411.

No error.