STATE v. JOHN L. HORNE.

(Filed 10 March, 1926.)

**Courts—Inferior Courts—Jurisdiction—Constitutional Law—Statutes.**

Art. II, sec. 29, of the State Constitution prohibits the Legislature from establishing courts inferior to the Superior Court, by any local, private or special act, and does not apply to increasing the jurisdiction of such courts as are already established.

APPEAL by defendant from *Dunn, J.,* at August Term, 1925, of PITT. Criminal prosecutions tried upon two warrants, issued by the mayor of the town of Farmville and heard *de novo* on appeal to the Superior Court of Pitt County, from which latter court, this appeal is prosecuted.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*David W. Isear for defendant.*

STACY, C. J. The appeal questions the constitutionality of chapter 189, Private Laws 1925, which confers certain additional jurisdiction in criminal matters on the mayor's court of the town of Farmville, Pitt County. The legislation is assailed by the defendant on the ground that it is in violation of Art. II, sec. 29 of the State Constitution, which provides: "The General Assembly shall not pass any local, private or special act or resolution relating to the establishment of courts inferior to the Superior Court," etc. There is nothing in this section of the Constitution which prohibits the Legislature from increasing or decreasing the jurisdiction of these inferior courts already in existence. The prohibition is against the *establishment* of courts inferior to the Superior

Court, by any local, private or special act or resolution. This was the holding in *Provision Co. v. Daves,* 190 N. C., 9, and on authority of that case, the present ruling must be upheld.

The only other exception appearing on the record has been covered by prior adjudications, and it needs no elaboration. *S. v. Abernethy,* 190 N. C., 768; *S. v. Stallings,* 189 N. C., 104.

No error.