STATE *v.* NORMAN.

Reversed.

---

## STATE v. WALTER NORMAN.

(Filed 25 February, 1953.)

**1. Assault § 8a: Criminal Law § 11—**

A simple assault is a misdemeanor punishable by a fine not exceeding fifty dollars or imprisonment not exceeding thirty days.  G.S. 14-33.

**2. Constitutional Law § 32—**

A person charged with a misdemeanor may not be tried initially in the Superior Court except upon an indictment by a grand jury unless he waives indictment in accordance with regulations prescribed by the Legislature.  Constitution of N. C., Art. I, sec. 12; G.S. 15-137.

**3. Criminal Law § 12c: Courts § 3a—**

Under the Constitution of N. C., Art. IV, sec. 12, the General Assembly has bestowed upon the Superior Court original jurisdiction of all criminal actions in which the punishment may exceed a fine of fifty dollars or imprisonment for thirty days, G.S. 7-63, and, since the jurisdiction of justices of the peace under Art. IV, sec. 27, is not exclusive, the General Assembly has the power to bestow upon the Superior Court original concurrent jurisdiction with justices of the peace of misdemeanors the punishment for which does not exceed a fine of fifty dollars or imprisonment for thirty days.

**4. Courts §§ 8, 11: Statutes § 2—**

The power of the General Assembly to establish courts inferior to the Superior Court, Art. IV, sec. 12, must be exercised by general laws, Art. II, sec. 29, but it may change the jurisdiction of an existing inferior court by local act.

**5. Criminal Law § 12c: Courts § 11—**

The General Assembly has the power to bestow upon any court inferior to the Superior Court other than a court of a justice of the peace either concurrent or exclusive jurisdiction of general misdemeanors, and may grant such inferior court concurrent original jurisdiction of misdemeanors the punishment for which does not exceed a fine of fifty. dollars or imprisonment of thirty days, or even grant a municipal court exclusive jurisdiction of such petty misdemeanors committed within its corporate limits.

**6. Same: Courts § 3c—**

Even where the General Assembly has vested exclusive original jurisdiction of general misdemeanors in an inferior court, it has the power to divest such exclusive jurisdiction and grant the Superior Court concurrent original jurisdiction thereof with such inferior court.

**7. Same—**

Where an inferior court is given jurisdiction over petty misdemeanors concurrent with that of a justice of the peace, the General Assembly has the power to transfer such original concurrent jurisdiction of the inferior court either in whole or in part to the Superior Court.

**8. Same—**

Chap. 589 Session Laws 1951 has the effect of conferring upon the Superior Court concurrent original jurisdiction with the Recorder's Court of Washington County of misdemeanors punishable by a fine not exceeding fifty dollars or imprisonment of thirty days, and bestows upon the Superior Court exclusive original jurisdiction of general misdemeanors in cases where either the prosecuting attorney or the defendant makes a demand for a jury trial in the Recorder's Court, and the statute is a valid exercise of the power vested in the General Assembly by Art. IV, sec. 12, of the State Constitution.

**9. Same—**

Defendant, charged with simple assault, demanded jury trial in the Recorder's Court, and the cause was transferred to the Superior Court, where the grand jury returned a true bill for the same offense, Chap. 589 Session Laws 1951. *Held:* Defendant should be tried in the Superior Court upon the indictment.

**10. Constitutional Law § 8a: Statutes § 12—**

A statutory provision that no local act shall have the effect of repealing or altering any public law unless the caption of the local act refers to the public law *is held* ineffectual, since one General Assembly cannot restrict or limit the constitutional power of a succeeding Legislature.

APPEAL by State from *Joseph W. Parker, J.,* at January Term, 1953, of WASHINGTON.

Criminal action involving the constitutionality of a statute which requires a criminal case to be transferred from an inferior court to the Superior Court for trial when the prosecuting attorney or the accused demands a trial by jury.

The appeal is occasioned by the events and the statutes mentioned in the numbered paragraphs set forth below.

1. The Recorder's Court of Washington County was established under the general law known as the County Recorders' Courts Act, which was enacted in 1919 and is now embodied in Article 25 of Chapter 7 of the General Statutes.

2. The County Recorders' Courts Act vests this criminal jurisdiction in a county recorder's court: "The court shall have jurisdiction in all criminal cases arising in the county which are now or may hereafter be given to a justice of the peace, and, in addition to the jurisdiction conferred by this section, shall have exclusive original jurisdiction of all other criminal offenses committed in the county below the grade of a felony as now defined by law, and the same are hereby declared to be petty misdemeanors." G.S. 7-222.

3. The County Recorders' Courts Act provides that a trial in a county recorder's court shall be by a jury of six men if either the prosecuting attorney or the defendant demands a jury trial. G.S. 7-228.

4. The General Assembly of 1951 enacted Chapter 589 of the 1951 Session Laws, which bears this caption: "An Act to provide for the transfer of criminal cases from the Recorder's Court of Washington County to the superior court when trial by jury is demanded."

5. Chapter 589 of the 1951 Session Laws provides that "in the trial of any criminal case in the Recorder's Court of Washington County, upon demand for a jury by the defendant or prosecuting attorney representing the State, the recorder shall transfer said case to the Superior Court of Washington County for trial, and the defendant shall execute a new bond in an amount fixed by the recorder for his appearance at the next term of Superior Court of Washington County."

6. The defendant Walter Norman was charged by warrant in the Recorder's Court of Washington County with committing an assault and battery upon Alton Baker in Washington County on 31 January, 1952, "by choking him."

7. The defendant demanded trial by jury in the Recorder's Court of Washington County, and the Recorder thereupon transferred the case to the Superior Court of Washington County for initial trial.

8. After the case was docketed in the Superior Court, the grand jury returned this indictment as a true bill: "The jurors for the State, upon their oath, present that Walter Norman, late of the County of Washington, on the 31 day of January, 1952, at and in the county aforesaid, did unlawfully and willfully assault Alton Baker against the form of the statute in such case made and provided and against the peace and dignity of the State." The warrant and the indictment charge the same offense.

9. Before pleading to the indictment, the defendant made the general assertion "that the Superior Court is without jurisdiction to try the defendant upon the bill of indictment," and moved that the case be remanded to the Recorder's Court of Washington County for trial. The presiding judge adjudged Chapter 589 of the 1951 Session Laws to be unconstitutional without specifying any particular ground for his adjudication, and entered an order quashing the indictment and remanding the

case to the Recorder's Court of Washington County for trial.  The State
appealed to the Supreme Court under G.S. 15-179 on the ground that the
judge erred in declaring the statute unconstitutional and in quashing the
indictment.

*Attorney-General McMullan and Assistant Attorney-General Love for
the State, appellant.*
    *Bailey & Bailey for defendant, appellee.*

ERVIN, J.  It seems advisable to make certain observations at the
outset.  The defendant is charged with simple assault.  *S. v. Myrick,*
202 N.C. 688, 163 S.E. 803.  A simple assault is a misdemeanor punish-
able by a fine not exceeding fifty dollars or imprisonment not exceeding
thirty days.  G.S. 14-33.  Under Section 12 of Article I of the North
Carolina Constitution and G.S. 15-137, a person charged with the com-
mission of a misdemeanor cannot be tried initially in the Superior Court
except upon an indictment found by a grand jury, unless he waives in-
dictment in accordance with regulations prescribed by the Legislature.
*S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283.

Chapter 589 of the 1951 Session Laws is certainly sufficient in phrase-
ology to confer upon the Superior Court of Washington County plenary
power to try this case on an indictment found by a grand jury.  Hence
the appeal presents for decision the question whether or not Chapter 589
of the 1951 Session Laws constitutes a valid exertion by the General
Assembly of its constitutional authority to legislate.

The answer to this question is to be found in relevant provisions of
the organic law specifying how the judicial power of the State may be
exercised.  These provisions and certain resultant rules are stated in
summary fashion in the numbered paragraphs which immediately follow.

1. Under Sections 2 and 3 of Article IV of the State Constitution, the
judicial power of North Carolina is vested in these tribunals: (1) The
State Senate sitting as a court for the trial of impeachments; (2) the
Supreme Court; (3) the Superior Courts; (4) the courts of justices of
the peace; and (5) such other courts inferior to the Superior Courts as
may be established by law.  *Tate v. Commissioners,* 122 N.C. 661, 29
S.E. 60; *Rhyne v. Lipscombe,* 122 N.C. 650, 29 S.E. 57.

2. Section 12 of Article IV of the State Constitution reads as follows:
"The General Assembly shall have no power to deprive the judicial de-
partment of any power or jurisdiction which rightfully pertains to it as
a coordinate department of the government; but the General Assembly
shall allot and distribute that portion of this power and jurisdiction
which does not pertain to the Supreme Court among the other courts
prescribed in this Constitution or which may be established by law, in

such manner as it may deem best; provide also a proper system of appeals; and regulate by law, when necessary, the methods of proceeding in the exercise of their powers, of all the courts below the Supreme Court, so far as the same may be done without conflict with other provisions of this Constitution."

3. Section 27 of Article IV of the State Constitution provides that "the several justices of the peace shall have jurisdiction, under such regulations as the General Assembly shall prescribe, . . . of all criminal matters arising within their counties where the punishment cannot exceed a fine of fifty dollars or imprisonment for thirty days."

4. Under Section 12 of Article IV of the State Constitution, the General Assembly has power to define by statute the criminal jurisdiction of the Superior Court so long as it observes certain limitations inherent in other provisions of Article IV having no pertinency to the precise problem presented by this appeal. *Rhyne v. Lipscombe, supra.* The General Assembly has exercised this legislative power in express terms in the familiar statute now codified as G.S. 7-63, which stipulates that "the superior court has original jurisdiction . . . of all criminal actions in which the punishment may exceed a fine of fifty dollars, or imprisonment for thirty days." *S. v. Wilkes,* 233 N.C. 645, 65 S.E. 2d 129. Since the criminal jurisdiction conferred upon justices of the peace by Section 27 of Article IV of the State Constitution is not exclusive in character, the General Assembly is even empowered by Section 12 of Article IV of the State Constitution to bestow upon the Superior Court original concurrent jurisdiction with justices of the peace of criminal offenses whose punishment cannot exceed a fine of fifty dollars or imprisonment for thirty days. *Williams v. Williams,* 188 N.C. 728, 125 S.E. 482; *Sewing Machine Co. v. Burger,* 181 N.C. 241, 107 S.E. 14; *S. v. Anderson,* 80 N.C. 429.

5. Sections 2 and 14 of Article IV of the State Constitution authorize the General Assembly to provide for the establishment of courts inferior to the Superior Court. *Rhyne v. Lipscombe, supra.* This legislative power must be exercised by the General Assembly through general laws because Section 29 of Article II of the State Constitution, which was adopted in 1916, specifies that "the General Assembly shall not pass any local, private, or special act or resolution relating to the establishment of courts inferior to the Superior Court."

6. Under Section 12 of Article IV of the State Constitution, the General Assembly may bestow upon any court inferior to the Superior Court other than the court of a justice of the peace either concurrent or exclusive original jurisdiction of general misdemeanors, *i.e.,* misdemeanors punishable by a fine exceeding fifty dollars or imprisonment exceeding thirty days. *S. v. Boykin,* 211 N.C. 407, 191 S.E. 18; *S. v. Mills,* 181

N.C. 530, 106 S.E. 677; *S. v. Brown,* 159 N.C. 467, 74 S.E. 580; *S. v. Lytle,* 138 N.C. 738, 51 S.E. 66; *S. v. Collins,* 151 N.C. 648, 65 S.E. 617; *S. v. Shine,* 149 N.C. 480, 62 S.E. 1080; *Rhyne v. Lipscombe, supra.* Under Sections 12 and 27 of Article IV of the State Constitution, the General Assembly may grant to such inferior courts concurrent original jurisdiction with justices of the peace of misdemeanors whose punishment cannot exceed a fine of fifty dollars or imprisonment for thirty days. *S. v. Doster,* 157 N.C. 634, 73 S.E. 111. And under Sections 12, 14 and 27 of Article IV of the State Constitution, the General Assembly may even grant to a municipal court exclusive original jurisdiction of misdemeanors committed within the corporate limits of the municipality and embraced within the jurisdiction of a justice of the peace. *S. v. Doster, supra; S. v. Baskerville,* 141 N.C. 811, 53 S.E. 742.

7. Where original jurisdiction of general misdemeanors has been taken from the Superior Court and vested exclusively in inferior courts, the General Assembly has power under Section 12 of Article IV of the State Constitution to divest the exclusive jurisdiction of the inferior courts, and grant the Superior Court concurrent original jurisdiction with the inferior courts of such general misdemeanors. The General Assembly has taken such action in Washington County and sixty-eight other counties by the statute embodied in G.S. 7-64.

8. Where an inferior court has been given concurrent original jurisdiction with justices of the peace of misdemeanors punishable by a fine not to exceed fifty dollars or imprisonment not to exceed thirty days, the General Assembly is empowered by Section 12 of Article IV of the State Constitution to enact appropriate legislation transferring such original concurrent jurisdiction, either in whole or in part, from the inferior court to the Superior Court.

We are now confronted by the task of applying these constitutional provisions and these rules to the case at bar. In performing this judicial labor, we note that G.S. 7-64 has no bearing on the present action. This statute operates only in cases where original jurisdiction of criminal actions has been taken from the Superior Court and vested exclusively in an inferior court. The defendant is being prosecuted for a misdemeanor originally cognizable by a justice of the peace and not by the Superior Court. Chapter 589 of the 1951 Session Laws does not undertake to establish a court inferior to the Superior Court. It merely changes the jurisdiction of an existing inferior court duly created on a former occasion. As a consequence, it does not fall under the ban of the provision of Section 29 of Article II of the State Constitution, which forbids the General Assembly to pass any local, private, or special act relating to the establishment of courts inferior to the Superior Court. *S. v. Horne,* 191 N.C. 375, 131 S.E. 753. It is a far cry from Chapter 435

of the 1951 Session Laws, which was adjudged unconstitutional in *S. v. Thomas, supra,* to Chapter 589 of the 1951 Session Laws. Chapter 435 of the 1951 Session Laws specifically stipulated that criminal cases transferred from the County Court of Greene County were to be tried by petit juries in the Superior Court of Greene County upon the original warrants rather than upon indictments in violation of Section 12 of Article I of the State Constitution; whereas Chapter 589 of the 1951 Session Laws clearly contemplates that criminal cases transferred from the Recorder's Court of Washington County are to be tried by petit juries in the Superior Court of Washington County upon indictments found by grand juries in conformity to Sections 12 and 13 of Article I of the State Constitution. There is, moreover, no sound basis for any suggestion that Chapter 589 of the 1951 Session Laws is invalid for disobedience to the 1929 statute codified as G.S. 12-1, which provides that "no act, which by its caption purports to be a public-local or private act, shall have the force and effect to repeal, alter, or change the provisions of any public law, unless the caption of said public-local or private act shall make specific reference to the public law it attempts to repeal, alter or change." This is true because one Legislature cannot restrict or limit by statute the right of a succeeding Legislature to exercise its constitutional power to legislate in its own way. 12 C.J., Constitutional Law, Section 238.

The Recorder's Court of Washington County is a court inferior to the Superior Court in a constitutional sense. It was duly established under a general law, *i.e.,* the County Recorders' Courts Act. This general law has conferred upon the Recorder's Court of Washington County this twofold criminal jurisdiction: (1) Concurrent original jurisdiction with justices of the peace of misdemeanors punishable by a fine not in excess of fifty dollars or imprisonment not in excess of thirty days; and (2) exclusive original jurisdiction of general misdemeanors. G.S. 7-222.

When all is said, Chapter 589 of the 1951 Session Laws merely does these two things: (1) It transfers from the Recorder's Court of Washington County to the Superior Court of Washington County concurrent original jurisdiction with justices of the peace of misdemeanors punishable by a fine not exceeding fifty dollars or imprisonment not exceeding thirty days in cases where either the prosecuting attorney or the defendant makes a demand for a jury trial in the Recorder's Court; and (2) it transfers from the Recorder's Court of Washington County to the Superior Court of Washington County exclusive original jurisdiction of general misdemeanors in cases where either the prosecuting attorney or the defendant makes a demand for a jury trial in the Recorder's Court. This being true, Chapter 589 of the 1951 Session Laws represents a valid exercise by the General Assembly of the power vested in it by Section 12 of Article IV of the State Constitution "to allot and distribute that portion"

of the power and jurisdiction of the judicial department of the State "which does not pertain to the Supreme Court among the other courts prescribed in this Constitution or which may be established by law, in such manner as it may deem best."

In closing, we indulge the observation that the General Assembly has moved in a somewhat mysterious way to deprive defendants in criminal cases in the Recorder's Court of Washington County of their statutory right to be tried by a jury of six men. G.S. 7-228. Since an applicable statute, *i.e.,* G.S. 15-177, confers upon such defendants the right to appeal to the Superior Court and there obtain a trial *de novo* before a petit jury, the General Assembly could have abolished jury trials in the Recorder's Court of Washington County by a direct enactment to that effect without transgressing the declaration of Section 13 of Article I of the State Constitution that "no person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful persons in open court." *S. v. Pulliam,* 184 N.C. 681, 114 S.E. 394; *S. v. Pasley,* 180 N.C. 695, 104 N.C. 533; *S. v. Tate,* 169 N.C. 373, 85 S.E. 383; *S. v. Hyman,* 164 N.C. 411, 79 S.E. 284; *S. v. Lytle, supra; S. v. Whitaker,* 114 N.C. 818, 19 S.E. 376; *S. v. Crook,* 91 N.C. 536. The General Assembly had the constitutional power, however, to select the round-about way rather than the direct road to accomplish its purpose, even though its action has a tendency to impair the object of the statutes authorizing the establishment of courts inferior to the Superior Court. This object was thus stated by *Chief Justice Clark* in *S. v. Lytle, supra:* "The object of the statute, creating the police court, is to relieve the Superior Courts of petty business, to relieve the tax-payers, and defendants also, of heavy costs, and to give a speedy trial, lightening jail expenses and dispensing often with long imprisonment on detention till a term of court comes around with its jury and judge. There is no harm done, since an appeal always lies open to a convicted defendant to the Superior Court where he has the right of trial by jury; whereas to the acquitted defendant or to one who takes no exception to his punishment, there is a relief from unnecessary delay and costs as well as diminution of court expenses to the public."

The order adjudging Chapter 589 of the 1951 Session Laws to be unconstitutional, quashing the indictment, and remanding the cause to the recorder's court is set aside, and the cause is remanded to the Superior Court to the end that it may put the defendant on trial before a petit jury upon the indictment returned by the grand jury according to its customary course and practice.

Reversed.