### STATE v. MURRAY B. BALLENGER

(Filed 20 November, 1957)

1. **Courts § 11: Statutes § 2—**

   An Act (Chapter 998, Session Laws of 1953), eliminating a county from the list of counties excepted in G.S. 7-264 and making the provisions of Article 24, Subchapter VI, of Chapter 7 of the General Statutes, as amended, applicable to the municipalities of the county, is tantamount to a reenactment of the general law authorizing the establishment of municipal recorder's courts in regard to such county, and is not a special Act relating to the establishment of inferior courts within the purview of Art. II, Sec. 29 of the Constitution.

2. **Courts § 14: Criminal Law § 16—**

   Where a municipality establishes a recorder's court under G.S. 7-190 with exclusive original jurisdiction of offenses below the grade of felony, the statute gives such court jurisdiction not only of such offenses committed within the municipality, but also of such offenses committed within a radius of five miles thereof.

APPEAL by defendant from *Seawell, J.,* April Criminal Term 1957 of JOHNSTON.

The defendant was tried in the Recorder's Court of Benson, North Carolina, upon a warrant issued by the clerk of said court, charging that the defendant on or about 3 March 1957 did unlawfully and wilfully operate a motor vehicle upon the public highways of the State of North Carolina and upon the public streets of the Town of Benson, while under the influence of intoxicating liquor or narcotic drugs; and that he, Murray B. Ballenger, did on said date unlawfully and wilfully operate a motor vehicle upon the public highways of North Carolina and the public streets of the Town of Benson after his North Carolina operator's license had been permanently revoked.

The defendant was tried and convicted on both counts in the warrant. From the judgment imposed he appealed to the Superior Court of Johnston County where he was tried on the original warrant and the jury found him "guilty as charged on both counts."

The court sentenced the defendant to the common jail of the County for a period of two years on each count and assigned him to work the roads under the supervision of the State Highway and Public Works Commission, the sentences to run consecutively.

The defendant appeals, assigning error.

*Attorney General Patton, Asst. Attorney General McGalliard, Asst. Attorney General Behrends, for the State.*
*E. R. Temple, for defendant.*

DENNY. J. The defendant's first assignment of error is purportedly based on a motion to quash the warrant "as being contrary to law." It cannot be ascertained from the record whether or not this motion was actually made and ruled upon either in the Recorder's Court or in the Superior Court. Even so, the argument in this Court with respect to the motion is based on the contention that the Recorder's Court of Benson is not a legally constituted court; that it lacked the power to issue the process which brought the defendant into court, and the court was without jurisdiction to try him, citing *S. v. Baskerville,* 141 N.C. 811, 53 S.E. 742 and Article II, Section 29 of the Constitution of North Carolina.

Subchapter VI of Chapter 7 of the General Statutes constitutes a series of general laws authorizing the establishment by cities and counties of various types of recorders' courts. G.S. 7-264 originally provided that said Subchapter VI should not apply to certain judicial districts and certain counties including Johnston County. However, Chapter 998 of the Session Laws of 1953 struck out the word "Johnston" in the list of excepted counties in G.S. 7-264 and, further, provided specifically that Article 24 of Chapter 7, relating to municipal recorders' courts, should be applicable to municipalities in Johnston County. The defendant contends that the 1953 Act above referred to removing Johnston County from the list of counties excepted from the Article authorizing the establishment by municipalities of municipal recorders' courts, is unconstitutional in that, he argues, it violates that portion of Article II, Section 29, of the Constitution which prohibits the enactment of any local, private, or special act relating to the establishment of courts inferior to the superior court.

The identical question now raised was considered and settled in the case of *In re Harris,* 183 N.C. 633, 112 S.E. 425. In that case, Iredell County had been excepted from a general law authorizing the creation of inferior courts. Later the General Assembly passed an act eliminating Iredell County from the list of excepted counties. This Court held that the enactment of the statute eliminating a county from a list of those excepted from an earlier General Statute did not violate Article II, Section 29 of the Constitution, and was not a local, private, or special act, but was rather a re-enactment of the general law making it applicable to Iredell County. Consequently, we hold that Chapter 998 of the Session Laws of 1953, eliminating Johnston County from the list of counties excepted in G.S. 7-264 and making the provisions of Article 24 of Subchapter VI of Chapter 7 of the General Statutes, as amended, applicable to the municipalities in Johnston County, was tantamount to

a re-enactment of the general law making it applicable to Johnston County.

The defendant does not contend that the Town Board of Benson failed in any respect to comply with the provisions of Chapter 7 of our General Statutes in establishing the Recorder's Court of Benson. He does contend, however, that the above chapter does not vest any power and authority in any town board to create a court with jurisdiction to try cases which involve criminal acts committed outside its corporate limits.

The jurisdiction of the Recorder's Court of Benson is defined in G.S. 7-190, which in pertinent part reads as follows: "The court shall have the following jurisdiction within the following named territory: 1. Original, exclusive, and concurrent jurisdiction, as the case may be, of all offenses committed within the corporate limits of the municipality which are now or may hereafter be given to justices of the peace under the Constitution and general laws of the State, including offenses of which the mayor or other municipal court now has jurisdiction. 2. Original and concurrent jurisdiction with justices of the peace of all offenses committed outside the corporate limits of the municipality and within a radius of five miles thereof, which is now or may hereafter be given to justices of the peace under the Constitution and general laws of the State. 3. Exclusive, original jurisdiction of all other criminal offenses committed within the corporate limits of such municipality and outside, but within a radius of five miles thereof, which are below the grade of a felony as now defined by law, and the same are hereby declared to be petty misdemeanors. 4. Concurrent jurisdiction with justices of the peace to hear and bind over to the superior court all persons charged with any crime committed within the territory above mentioned, of which the recorder's court is not herein given final jurisdiction."

In *S. v. Brown,* 159 N.C. 467, 74 S.E. 580, the defendant was charged in the Municipal Court of the City of Greensboro with the common law offense of keeping a disorderly house, and was convicted. She appealed and was again convicted in the Superior Court, but judgment was arrested upon the ground that the crime was not committed within the corporate limits of Greensboro although it was committed within one mile of the same. The State appealed. The contention was that the Legislature could not confer jurisdiction upon the Municipal Court of Greensboro to hear and determine criminal cases where the offense was committed not within the city but within one mile thereof, and that the defendant should have been indicted originally in the Superior Court. The Acts establishing the

Municipal Court of Greensboro gave it jurisdiction to try misdemeanors where such crimes were committed within the city or within one mile of its corporate limits. Public Laws of 1909, Chapter 651, as amended by Private Laws of 1911, Chapter 430. This Court reversed the ruling in the Superior Court and held that the Municipal Court of the City of Greensboro had jurisdiction to try the defendant. See *In re Barnes*, 212 N.C. 735, 194 S.E. 499, *S. v. Norman*, 237 N.C. 205, 74 S.E. 2d 602; *S. v. Sloan*, 238 N.C. 547, 78 S.E. 2d 312. The questions raised in *S. v. Baskerville*, *supra* and *S. v. Doster*, 157 N.C. 634, 73 S.E. 111, are not presented on this appeal. Hence, they are not controlling here.

The remaining exceptions and assignments of error are without merit. The evidence was sufficient to carry the case to the jury on both counts, and in the trial below we find

No Error.